CHARLES S. HURSEY, & WIFE, ELLEN HURSEY, Plaintiffs-Appellees v. HOMES BY DESIGN, INC., MELISA (LISA) G. WOODS, RAYMOND LEWIS WOODS, WOODS AND ASSOCIATES, WOODS AND ASSOCIATES HOMES BY DESIGN, AND DAVID B. LAWSON, Defendants-Appellants

No. COA95-69

(Filed 19 December 1995)

**Discovery and Depositions § 68 (NCI4th)— failure to comply with discovery order—dismissal of counterclaims with prejudice—appropriate sanction**

Where defendants failed to comply with the trial court's ruling compelling production of documents, and plaintiffs moved for sanctions pursuant to Rule 37 of the North Carolina Rules of Civil Procedure, the trial court's dismissal of defendants' counterclaims with prejudice was clearly the result of a reasoned decision and was an appropriate imposition of sanctions. N.C.G.S. § 1A-1, Rule 37(b)(2).

**Am Jur 2d, Depositions and Discovery § 385-388.**

**Sanctions available under Rule 37, Federal Rules of Civil Procedure, for grossly regligent failure to obey discovery order. 49 ALR Fed. 831.**

Appeal by defendants from order entered 25 August 1994 by Judge Orlando F. Hudson in Alamance County Superior Court. Heard in the Court of Appeals 20 October 1995.

*Carruthers & Roth, P.A., by Kenneth R. Keller, for plaintiffs-appellees.*

*Loflin & Loflin, by Thomas F. Loflin, III, for defendants-appellants.*

WALKER, Judge.

Plaintiffs filed this action seeking to recover money damages and to impose constructive trusts on real property held by defendants based on defendants' alleged fraud, conversion, breach of contract, breach of fiduciary duty, and an unlawful conspiracy to conceal and misappropriate sums owed by defendants to plaintiffs. All defendants answered and counterclaimed except defendant David B. Lawson, against whom a judgment of default was entered on 21 January 1994.

On 26 January 1994, in an attempt to obtain records needed to document defendants' alleged misuse of plaintiffs' funds, plaintiffs served upon defendants their First Interrogatories and Request for Production of Documents. Defendants did not respond within the allotted time. On 31 March 1994, plaintiffs filed a Motion to Compel Discovery. On 11 April 1994, at the hearing on the motion, defendants responded to the interrogatories propounded by plaintiffs, and the parties agreed to remove the motion from the calendar. After reviewing the responses and documents provided by defendants, plaintiffs requested defendants' counsel to provide voluntary supplementation to the responses. This request was ignored. Plaintiffs thereupon filed a second Motion to Compel Discovery on 9 May 1994.

On 19 May 1994, plaintiffs served upon defendants a Second Request for Production of Documents. When defendants failed to respond, plaintiffs filed another Motion to Compel Discovery on 7 July 1994. On 15 August 1994, the trial court issued a ruling compelling defendants to produce certain designated documents by 18 August 1994. Defendants failed to comply with this ruling, and plaintiffs moved for sanctions pursuant to Rule 37 of the North Carolina Rules of Civil Procedure. Following a hearing on the Motion for Sanctions on 23 August 1994, the trial court issued an order striking defendants' counterclaims and dismissing them with prejudice. Defendants filed their *pro se* written notice of appeal on 22 September 1994.

North Carolina General Statutes § 1A-1, Rule 37(b)(2) provides that where parties to an action fail to obey an order to provide or per-

**HURSEY v. HOMES BY DESIGN, INC.**

[121 N.C. App. 175 (1995)]

mit discovery, the court in which the action is pending "may make such orders in regard to the failure as are just," including:

> (c) *An order striking out pleadings or parts thereof*, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof*, or rendering a judgment by default against the disobedient party . . . .

N.C. Gen. Stat. § 1A-1, Rule 37(b)(2)(c) (1990) (emphasis added). Sanctions under Rule 37 are within the sound discretion of the trial court and will not be overturned on appeal absent a showing of abuse of that discretion. *Vick v. Davis*, 77 N.C. App. 359, 361, 335 S.E.2d 197, 199 (1985), *affirmed*, 317 N.C. 328, 345 S.E.2d 217 (1986). A trial court may be reversed for abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

In support of its order, the trial court made the following findings of fact:

> 1. Plaintiffs' Second Request for Production of Documents . . . was served on defendants by serving their then counsel of record by certificate dated May 19, 1994.

> 2. The defendants have not served a written response to Plaintiffs' Second Request for Production of Documents.

> 3. On August 15, 1994, pursuant to notice, the undersigned Judge Presiding heard the plaintiffs' Motions to Compel Discovery filed July 7, 1994, May 9, 1994, March 31, 1994, and July 7, 1994 [sic]. After considering the record, arguments of counsel for the plaintiffs and arguments of the defendants, the Court ordered the defendants to produce, by Thursday, August 18, 1994, those documents requested in Plaintiffs' Second Request for Production of Documents . . . and all documents from which defendants obtained the information set forth in their answers to Interrogatory 1(b), 1(c) and 2(a) of their "Answers to First Set of Interrogatories and Request for Production of Documents" served by their then counsel of record on April 11, 1994.

> 4. Defendants have not produced the documents as ordered.

> 5. The defendants have represented to the Court that these documents are not within their possession, but are within the possession of their accountant or the State Bureau of Investigation.

6. Counsel for the plaintiffs tendered to the Court certified copies from the Clerk of Superior Court of Alamance County of Inventory of Seized Property itemizing all property of the defendants seized by the State Bureau of Investigation. With certain minor exceptions, the documents requested by the plaintiffs do not appear on this inventory . . . .

7. The defendants stated in open court that the documents are not in the possession of their accountants.

8. On April 11, 1994, subsequent to the SBI seizure of the aforesaid property, the defendants, through counsel, served answers to Plaintiffs' First Set of Interrogatories and Request for Production of Documents, setting forth specific figures in their answers to Interrogatories 1(b), 1(c), and 2(a). Defendants failed to produce documentation from which those figures were obtained.

9. On May 12, 1994, subsequent to the seizure of documents by the SBI, defendants supplemented their answers to interrogatories by producing copies of Central Carolina Bank bank statements on an account in the name of Homes By Design, Inc., along with a number of checks on this Homes By Design, Inc. account written to Charles S. Hursey. However, plaintiffs [sic] did not produce the bank statements on other accounts or copies of the other checks written on the Homes By Design, Inc. account.

10. On August 12, 1994, in a civil action pending in the General Court of Justice, Superior Court Division of Alamance County as "Charles S. Hursey and Ellen Hursey, Plaintiffs vs. Homes By Design, Inc. and Lisa G. Woods, Defendants", [sic] . . . defendants filed a response to a summary judgment motion attaching documents which included a copy of a Homes By Design, Inc. check and a copy of a check written to defendants by plaintiffs' business, which checks had not been previously produced.

11. The defendants are or should be aware of the potential consequences of failing to respond to discovery requests since in April, 1994, as appears of record in the office of the Clerk of Superior Court of Alamance County in a certain civil action entitled "Christine L. Leath and Lula B. Albright, Plaintiffs vs. Raymond L. Woods and Lisa G. Woods d/b/a Woods and Associates Homes By Design and Homes By Design, Inc.", [sic] . . . the Honorable D. Marsh McLelland heard a similar Motion for Sanctions on behalf of the plaintiffs in that case against these

same defendants for failure by these same defendants to provide discovery. Judge McLelland entered an order striking the counterclaim asserted by the defendants in that case.

We have carefully reviewed the record, and we find plenary evidence therein to support the trial court's thorough findings. Because the court's imposition of sanctions was clearly the result of a reasoned decision, we find no abuse of discretion in the court's order.

Defendants concede that Rule 37(b)(2) permits the trial court, in its discretion, to dismiss claims with prejudice when it is "just" to do so. *See Fulton v. East Carolina Trucks, Inc.*, 88 N.C. App. 274, 275, 362 S.E.2d 868, 869 (1987) (specifically rejecting plaintiff's argument that North Carolina courts should adhere to the rule adopted in the federal courts that dismissal with prejudice is a last resort and is generally proper only where less drastic sanctions are unavailable). However, relying on *Goss v. Battle*, 111 N.C. App. 173, 432 S.E.2d 156 (1993), defendants argue that the trial court's order striking and dismissing their counterclaims was error because it does not reflect that the court considered imposing less severe sanctions. In *Goss*, a divided panel of this Court held that before dismissing a party's claim with prejudice pursuant to Rule 37, the trial court must consider less severe sanctions. *Id.* at 177, 432 S.E.2d at 159. The *Goss* court noted that in that case, neither the transcript of the hearing on the motion for sanctions nor the court's order indicated that the trial court considered a less severe sanction before dismissing the plaintiff's action. *Id.*

In the present case, the transcript of the hearing on the Motion for Sanctions indicates that plaintiffs asked the trial court to strike defendants' answer and counterclaims, or, alternatively, to strike defendants' counterclaims only and to enter an order requiring defendants to pay plaintiffs' expenses in obtaining documents directly from banks and medical providers. After hearing arguments, the court chose not to impose the more severe sanction requested by plaintiffs. Instead, the court entered an order imposing the less severe sanction of striking only the counterclaims, thereby allowing defendants to contest liability as well as damages. We believe it may be inferred from the record that the trial court considered all available sanctions, including the two alternatives proposed by plaintiffs, in arriving at its decision, and the trial court's action did not violate the rule set forth in *Goss*. We hold that the sanctions imposed were appropriate in light of defendants' actions in this case.

We have carefully examined defendants' remaining arguments, and we find them to be without merit. The order of the trial court is

Affirmed.

Judges LEWIS and MARTIN, MARK D. concur.