GARLAND JOYNER, Employee-Plaintiff v. MABREY SMITH MOTOR COMPANY, Employer-Defendant and NON-INSURED, Carrier-Defendant .

No. COA02-1733

(Filed 4 November 2003)

1. **Workers' Compensation— sanctions—striking defenses— failure to answer interrogatories**

   The Industrial Commission did not abuse its discretion in a workers' compensation case by sanctioning defendant employer and striking its defenses based on a failure to comply with an order compelling discovery, because: (1) defendant was warned for a period of three and a half months that it would be subject to sanctions expressly approved under Rule 37 as authorized by Rules 605 and 802 of the Workers' Compensation Rules for its continued noncompliance with the deputy commissioner's order; and (2) defendant merely presents on appeal the defenses expressly barred by the Commission as a result of the sanctions.

2. **Workers' Compensation— total disability benefits—findings of fact—conclusions of law**

   The Industrial Commission's findings of fact and conclusions of law concerning plaintiff's entitlement to total disability benefits from 19 September 2000 in a workers' compensation case were supported by competent evidence, because plaintiff's testimony that his efforts to obtain subsequent employment were thwarted by his medical restrictions resulting from the accident

was supported by the medical records submitted to the Commission.

### 3. Workers' Compensation— disability—medical expenses

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff employee was entitled to the payment of medical expenses incurred for the treatment of the injuries sustained or further treatment necessary to cure, give relief, or lessen plaintiff's period of disability, because: (1) defendant violated the rules of appellate procedure by failing to include any citations of authority upon which it relies as required by N.C. R. App. P. 28(b)(6); (2) defendant cannot rely on defenses that have previously been found unavailable; and (3) both the medical records and plaintiff's testimony are fully competent to support the Commission's findings that plaintiff suffered a compensable work-related injury by accident, and that finding supports the conclusion of law that plaintiff is entitled to workers' compensation benefits.

### 4. Appeal and Error— preservation of issues—failure to present argument

Although defendant contends the Industrial Commission erred in a workers' compensation case by its finding of fact that defendant engaged in stubborn and unfounded litigiousness and by its conclusions of law requiring defendant to pay plaintiff's attorney fees and the costs of the action, these assignments of error are abandoned because defendant failed to bring forward any argument for these assignments of error.

Appeal by defendant from an opinion and award entered 16 August 2002 by the North Carolina Industrial Commission. Heard in the Court of Appeals 9 October 2003.

*Brumbaugh, Mu & King, P.A., by Kenneth W. King, Jr., for plaintiff-appellee.*

*Bailey & Way, by John E. Way, Jr., for defendant-appellant.*

CALABRIA, Judge.

Mabrey Smith Motor Company ("defendant") appeals an opinion and award issued by the North Carolina Industrial Commission ("Commission") awarding Garland Joyner ("plaintiff") total disability benefits, medical expenses, and attorneys' fees for plain-

tiff's work-related injuries resulting from a motor vehicle accident. We affirm.

On 6 July 1998, plaintiff was employed as a mechanic for defendant. While plaintiff was test-driving a vehicle he repaired, he was struck from behind by another vehicle. Plaintiff sought medical treatment from Carteret General Hospital and was diagnosed with cervical strain. Plaintiff's condition grew worse. He was placed on medical restrictions by his treating physician and missed work periodically due to dizziness, blurred vision, and headaches associated with the accident. On 18 September 2000, plaintiff's wife called defendant and reported plaintiff's inability to work that day because of a headache. The following day, defendant informed plaintiff he was terminated for failing to follow personnel policy by having his wife call, rather than himself, to report that he was ill and unable to work.

On 9 May 2000, plaintiff filed a claim for workers' compensation benefits for injuries "caused [on 6 July 1998] by being rear ended . . . ." On 12 July 2000, plaintiff reported to the Commission that the parties failed to reach an agreement regarding compensation because plaintiff was "unable to locate workers' compensation insurance, and employer has neither accepted or denied [the] claim." Plaintiff requested that his claim be assigned for hearing.

On 18 July 2000, plaintiff sent defendant a set of interrogatories. Two months later, after defendant failed to timely respond to the interrogatories, plaintiff wrote to defendant and requested that defendant forward the answers "as soon as possible." Defendant again failed to respond, and the hearing scheduled for 3 October 2000 was converted into a pretrial conference. At the pretrial conference, the parties stipulated to the following: (1) an employer-employee relationship existed between defendant and plaintiff; (2) defendant was non-insured; (3) plaintiff's average weekly wage was $410.00; and (4) the date of injury was 6 July 1998. An order of continuance, granted by Deputy Commissioner Morgan S. Chapman, mandated that defendant respond to plaintiff's interrogatories "within two weeks or be subject to sanctions."

On 1 November 2000, plaintiff wrote to defendant requesting answers to plaintiff's interrogatories "as soon as possible." When defendant failed to respond to the sought interrogatories, plaintiff wrote defendant again on 12 December 2000 to remind it that the order of continuance required defendant to answer the interrogatories within two weeks. Plaintiff warned defendant that, if its answers

were not received by 19 December 2000, plaintiff would request sanctions. Defendant never responded.

At a hearing held 6 February 2001, Deputy Commissioner George T. Glenn, II, imposed sanctions against defendant "for defendant's failure to comply with Deputy Commissioner Morgan Chapman's Order of October 11, 2000" by "striking any defenses that the defendant may have to the claim of plaintiff." Accordingly, Deputy Commissioner Glenn entered an opinion and award in favor of plaintiff for a work-related injury sustained by plaintiff while in the course and scope of his employment. The hearing was limited to the issue of the workers' compensation benefits to which plaintiff was entitled as a result of his injuries. The deputy commissioner awarded plaintiff total disability benefits at the rate of $532.00 per week beginning 19 September 2000 and continuing until plaintiff returned to work "earning the same or greater wages as he was earning at the time of his injury" or the Commission ordered otherwise. Medical expenses, attorneys' fees and costs were also awarded. The Full Commission affirmed the opinion and award of the deputy commissioner, and defendant appeals. On appeal, defendant contends (I) the Commission should not have sanctioned defendant by striking its defenses; (II) the Commission's findings of fact and conclusions of law concerning plaintiff's entitlement to total disability benefits from 19 September 2000 are not supported by competent evidence; and (III) there was insufficient evidence that plaintiff is entitled to the payment of medical expenses.

I. Sanctions

[1] North Carolina General Statute § 97-80(a) (2001) "gives the Commission the power to make rules consistent with the Workers' Compensation Act for carrying out its provisions." *Matthews v. Charlotte-Mecklenburg Hosp. Auth.*, 132 N.C. App. 11, 15-16, 510 S.E.2d 388, 392 (1999). Rule 605(1) of the Workers' Compensation Rules of the North Carolina Industrial Commission provides that parties may obtain discovery by the use of interrogatories, and where there is a "failure to answer an interrogatory, the party submitting the interrogatories may move the Industrial Commission for an order compelling answer." Workers' Comp. R. of N.C. Indus. Comm'n 605(1), 2002 Ann. R. (N.C.) 765. The rule goes on to expressly provide for sanctions for "failure to comply with a Commission order compelling discovery." Workers' Comp. R. of N.C. Indus. Comm'n 605(5), 2002 Ann. R. (N.C.) 766.

Rule 802 of the Workers' Compensation Rules of the North Carolina Industrial Commission provides that "failure to comply" with the Workers' Compensation Rules "may subject the violator to any of the sanctions outlined in Rule 37 of the North Carolina Rules of Civil Procedure . . . against the party or his counsel whose conduct necessitates the order."

*Hauser v. Advanced Plastiform, Inc.*, 133 N.C. App. 378, 387, 514 S.E.2d 545, 551 (1999). Rule 37 expressly allows a court to sanction a party failing to comply with an order by "refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence[.]" N.C. Gen. Stat. § 1A-1, Rule 37(b)(2)b (2001). "The administration of [discovery] rules, in particular the imposition of sanctions, is within the broad discretion of the trial court. The trial court's decision regarding sanctions will only be overturned on appeal upon showing an abuse of that discretion." *Williams v. N.C. Dep't of Correction*, 120 N.C. App. 356, 359, 462 S.E.2d 545, 547 (1995) (citations omitted).

In the instant case, defendant asserts the hearing officer should not have stricken its defenses. Defendant failed to answer plaintiff's interrogatories sent to it on 18 July 2000 within the appropriate time period and failed to request any extension of time. After defendant was ordered by the Commission to respond to plaintiff's interrogatories within two weeks of the pretrial conference order filed 11 October 2000, defendant again failed to answer plaintiff's interrogatories or request any extension of time. Defendant further chose to ignore plaintiff's letters reminding defendant of its obligation to comply with the order by answering the interrogatories and ultimately warning defendant of plaintiff's impending intent to seek sanctions. Over three and a half months after defendant was warned it would be subject to sanctions, the deputy commissioner imposed sanctions expressly approved under Rule 37 as authorized by Rules 605 and 802 of the Workers' Compensation Rules. Defendant cannot complain when the Commission fulfills its warning and imposes sanctions for continuing noncompliance with the deputy commissioner's order spanning a period of almost three and a half months. We find no abuse of discretion.

Moreover, we note defendant's arguments to this Court fail to assert the Commission abused its discretion in imposing sanctions. Rather, defendant merely presents on appeal the defenses expressly barred by the Commission as a result of the sanctions. These defenses include that the work on the vehicle cannot be considered

part of the scope of his work, that plaintiff's testimony was contradictory, and that plaintiff had not provided medical records to defendant. Having concluded the Commission did not abuse its discretion by striking these defenses, we do not entertain them on appeal.

II. Onset of Disability

**[2]** Defendant next asserts the conclusions of law made by the Commission regarding the onset of plaintiff's disability are not supported by the findings of fact, and the findings of fact are not supported by the evidence presented at the hearing. Specifically, defendant argues the Commission's conclusion, that plaintiff was entitled to total disability benefits from the date plaintiff was terminated, was not supported by findings of fact or competent evidence because plaintiff came to work the day he was terminated; therefore, defendant argues, plaintiff could not have been unable to work. Defendant additionally argues, in the alternative, that plaintiff was fired only because he violated personnel policy by failing to personally call in sick. We examine these contentions together.

The Commission found as fact that plaintiff had not worked since the date of his termination "as a result of problems associated with his injury by [the] accident on July 6, 1998" and concluded plaintiff was entitled to total disability benefits from that date. We are not persuaded that plaintiff is barred from benefits because defendant alleges plaintiff reported to work the day he was fired, that he disregarded the existing policy requiring employees to personally call in sick, and that such misconduct or fault could have been a constructive refusal to work. To determine entitlement to benefits following an employee's termination in situations analogous to the facts presented by the case at bar, we examine the evidence of the cause of the employee's diminution or loss of wages.

> [T]he test is whether the employee's loss of, or diminution in, wages is attributable to the wrongful act resulting in loss of employment, in which case benefits will be barred, or whether such loss or diminution in earning capacity is due to the employee's work-related disability, in which case the employee will be entitled to benefits for such disability.

*Seagraves v. Austin Co. of Greensboro*, 123 N.C. App. 228, 234, 472 S.E.2d 397, 401 (1996). In the instant case, plaintiff expressly testified that his efforts to obtain subsequent employment were thwarted by

his medical restrictions resulting from the accident and no one would consider him because of those restrictions. Although further competent evidence is not required, *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), we note plaintiff's testimony is fully supported by the medical records submitted to the Commission. Whether we would have reached a different result on the evidence is irrelevant, and more importantly, beyond the scope of our review. *Id.* Under our holding in *Seagraves*, we find there was competent evidence to support the findings and conclusions of the Commission.

III. Medical Expenses

[3] Finally, defendant argues there was insufficient evidence to find plaintiff is entitled to the payment of medical expenses incurred for the treatment of the injuries sustained or further treatment necessary to cure, give relief, or lessen plaintiff's period of disability. This argument fails for multiple reasons. First, defendant violated our rules of appellate procedure by failing to include any citations of authority upon which it relies. N.C. R. App. P. 28(b)(6) (2003). Second, we need not revisit defendant's recapitulation of defenses previously considered and found unavailable. Third, both the medical records and plaintiff's testimony are fully competent to support the Commission's findings that plaintiff suffered a compensable work-related injury by accident, and that finding supports the conclusion of law that plaintiff is entitled to workers' compensation benefits.

[4] Defendant has brought forward no argument for its assignments of error concerning the Commission's findings of fact that it "engaged in stubborn and unfounded litigiousness during the course of defending this claim" or the Commission's conclusions of law requiring defendant to pay plaintiff's attorneys' fees and the costs of the action. We deem these assignments of error abandoned. N.C. R. App. P. 28(b)(6) (2003). The opinion and award of the Commission is affirmed.

Affirmed.

Judges McGEE and HUNTER concur.