BRYAN HEATH BAKER AND WIFE, SUSAN D. BAKER; TAMMY L. HEPLER, INDIVIDU-ALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JOHN ANDREW HEPLER III; STEVEN P. VANDERHOOF; MARGARET F. LINDSEY; AND WALTER E. SUDDERTH, PLAINTIFFS v. CHARLOTTE MOTOR SPEEDWAY, INC., *DOING BUSINESS AS* LOWE'S MOTOR SPEEDWAY, AND TINDALL CORPORATION, *FORMERLY* TINDALL CONCRETE PRODUCTS, INC., DEFENDANTS

No. COA05-1618

(Filed 21 November 2006)

**1. Discovery— pre-existing injury not disclosed—sanctions—dismissal—no abuse of discretion—bad faith not required**

The dismissal of plaintiff's negligence claim with prejudice as a discovery sanction was not an abuse of discretion where the court's findings were supported by competent evidence and lesser sanctions were considered. Plaintiff argued that he did not initially disclose a pre-existing injury because he did not at first

BAKER v. CHARLOTTE MOTOR SPEEDWAY, INC.

[180 N.C. App. 296 (2006)]

recall it, but there is no authority for the proposition that sanctions are only appropriate for omissions in bad faith, nor does a later production of the documents negate the omission.

**2. Discovery— pre-existing injury—failure to disclose—sanctions—failure to tell attorney not relevant**

There was no abuse of discretion in the denial of a motion to modify an order of dismissal which had been entered as a sanction for not producing information about an existing injury during discovery. The newly discovered evidence cited by plaintiff was merely a record of an incident and the resulting treatment of which plaintiff was aware. His failure to enlighten his attorney is not relevant.

**3. Judges— recusal denied—ex parte communications— administrative**

A motion to recuse a judge for ex parte communications was properly denied where the communications complained of were administrative, involving only the timing and order of the dozen or more suits still to be tried concerning the collapse of a pedestrian walkway. Plaintiff did not demonstrate bias, prejudice, or interest by the judge.

Judge STEELMAN concurring.

Appeal by plaintiff from orders entered 28 April 2004 and 3 June 2005 by Judge W. Erwin Spainhour in Mecklenburg County Superior Court and order entered 11 December 2003 by Judge Thomas W. Seay, Jr., in Mecklenburg Superior Court. Heard in the Court of Appeals 13 September 2006.

*Marvin K. Blount, The Blount Law Firm, for plaintiff-appellant Walter E. Sudderth.*

*James T. Williams, Jr., Brooks, Pierce, McLendon, Humphrey & Leonard LLP, for defendant-appellee Tindall Corporation.*

*David N. Allen, Parker, Poe, Adams & Bernstein LLP, for co-defendant Charlotte Motor Speedway.*

ELMORE, Judge.

This case is one of many suits against Charlotte Motor Speedway (defendant Speedway) and Tindall Corporation (defendant Tindall) resulting from the collapse of a pedestrian bridge at Lowe's Motor

Speedway on 20 May 2000. The many cases were consolidated under the caption *In Re Pedestrian Walkway Failure*. In the first case to be tried, a jury determined that Tindall and Speedway were negligent, and all remaining trials concern only the issue of damages.

After consolidating the cases, the court issued a series of Case Management Orders (CMOs) to apply to all following suits. These CMOs mandated, among other things, certain standards for discovery, including deadlines and subject matter to be disclosed in all cases. CMO No. 6 required disclosure of all medical reports.

The instant case concerns the claim brought by Walter E. Sudderth (plaintiff), who was among the persons on the pedestrian walkway when it collapsed. In his claim against defendants Speedway and Tindall, plaintiff alleged as injuries resulting from the fall compression fractures in his back; pain in his right leg, right hand, right heel, both ankles, shoulder, and neck; and swelling in both ankles.

During his deposition on 9 October 2001, plaintiff disclosed for the first time an injury to his left elbow and hip as a result of a fall from a piece of equipment at his workplace (a coal mine) in 1992. In March 2004, defendant Tindall learned that plaintiff had filed a claim with the West Virginia Worker's Compensation Commission as a result of that injury; this new information led defendant Tindall to discover additional medical records concerning treatment for that injury that plaintiff had not produced. Also in March 2004, defendant Tindall learned of the existence of further medical records not produced by plaintiff relating to neck injuries existing at the time of the incident at Lowe's Motor Speedway.

On 1 April 2004, at a hearing on defendant Tindall's motion for sanctions against plaintiff, the trial court considered a file concerning the worker's compensation claim that was produced during a deposition taken the day before. The trial court granted the motion and, as sanctions for numerous discovery violations, dismissed plaintiff's claims with prejudice.

Plaintiff filed a motion to alter or amend the order of dismissal on 28 April 2004 under Rule 59 of the North Carolina Rules of Civil Procedure. The court denied this motion on 2 June 2005.

Plaintiff timely appeals the order of dismissal, the denial of the motion to alter or amend, and an earlier order, entered on 11 December 2003 by Judge Thomas W. Seay, Jr., denying a motion to

BAKER v. CHARLOTTE MOTOR SPEEDWAY, INC.

[180 N.C. App. 296 (2006)]

recuse Judge Spainhour from the case. We consider these issues in turn below and affirm the trial court on all issues.

[1] First, plaintiff argues that the trial court abused its discretion in entering the order dismissing with prejudice plaintiff's claims as a discovery sanction. This argument is without merit.

Under Rule 37(b)(2) of the North Carolina Rules of Civil Procedure, if "a party fails to obey an order to provide or permit discovery," one of the sanctions available to the court is "dismissing the action or proceeding or any part thereof." N.C.R. Civ. P. 37(b)(2). Before dismissing the action, however, the court must first consider less severe sanctions. *Cheek v. Poole*, 121 N.C. App. 370, 374, 465 S.E.2d 561, 564 (1996).

"The trial court's decision regarding sanctions will only be overturned on appeal upon showing an abuse of . . . discretion." *Joyner v. Mabrey Smith Motor Co.*, 161 N.C. App. 125, 129, 587 S.E.2d 451, 454 (2003). The court will be reversed upon "a showing that [the] ruling was so arbitrary that it could not have been the result of a reasoned decision." *Becker v. Pierce*, 168 N.C. App. 671, 678, 608 S.E.2d 825, 830 (2005) (quoting *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995)). The ruling "should not be disturbed unless 'manifestly unsupported by reason.' " *Cheek*, 121 N.C. App. at 374, 465 S.E.2d at 564 (quoting *Miller v. Ferree*, 84 N.C. App. 135, 136-37, 351 S.E.2d 845, 847 (1987)).

In its 13-page order of dismissal, the court makes 33 findings of fact detailing the 1992 injury and plaintiff's noncompliance with the court's CMOs requiring discovery regarding that incident. Plaintiff contends that many of the findings of fact are not supported by competent evidence. These contentions are without merit.

Findings of Fact Nos. 11-13 detail the conflicting evidence given in response to Interrogatory No. 4: In his initial response, plaintiff claimed the incident at Lowe's Motor Speedway "exacerbated" pre-existing back injuries but produced no documentation regarding those injuries; later, at the hearing on the motion for sanctions, plaintiff's counsel stated that there were no pre-existing injuries. The findings of fact note that while plaintiff's counsel stated at the hearing that the injuries did not exist, plaintiff failed to amend his response to that effect. In his brief to this court, plaintiff admits the truth of these findings, stating only that he had no opportunity to amend his response before the case was dismissed. This statement has no bear-

ing on the validity of the court's findings of fact or abuse of discretion in so finding.

Findings of Fact Nos. 14, 16-23, and 25-30 all pertain to plaintiff's failure to disclose various facts regarding his 1992 injury, including medical records and doctors' names arising therefrom, and information pertaining to the resulting worker's compensation claim. In sum, the findings state that plaintiff neither produced the medical records and other information pertaining to the claim nor explained why they were not produced.

Plaintiff argues first that he did not himself recall nor make his attorney aware of the 1992 injury and treatment that created the records until his 2001 deposition, after which time he produced the documents in question. Plaintiff's memory failure has no relevance to the validity of the court's findings of fact. Plaintiff cites no case law, and this Court has found none, supporting the contention underlying plaintiff's argument that sanctions are only appropriate for such omissions when they occur in bad faith. Nor does plaintiff's production of the documents in May 2004 negate the omission, inasmuch as the records should have been produced along with plaintiff's other medical records in September 2001.[1]

Plaintiff then argues that defendant Tindall never requested the records at issue, and so their nonproduction was not a violation of the court's CMOs. In its discovery requests, however, defendant Tindall requested the names and addresses of all health care providers used by plaintiff within 10 years prior to the incident and all documents related to such treatment, a request which clearly encompasses the injury sustained in 1992.

Plaintiff correctly states that there is an error in Finding of Fact No. 20, in which the court states that one particular physician was not named in plaintiff's initial response. This incorrect fact, however, was not essential or dispositive to the court's decision, and as such is not sufficient grounds for a finding of abuse of discretion.

Based on these findings of fact, the court concluded that plaintiff's actions cumulatively "frustrated the purpose of discovery, . . .

---

1. In Finding of Fact No. 23, the Court relates plaintiff's statement that a certain record was not produced because, at the time of the hearing, it had been destroyed by the treating physician. Although this record could not have been produced, plaintiff's attempts to obtain it were not conveyed to the court until the hearing on the motions for sanctions. Further, the court notes that plaintiff presents no evidence as to whether the record was in existence in September 2001, when it was first requested.

**BAKER v. CHARLOTTE MOTOR SPEEDWAY, INC.**

[180 N.C. App. 296 (2006)]

denied defendants the opportunity to prepare properly for trial, . . . unfairly prejudiced Defendants in their defense of his claims," and caused defendants to incur additional costs. This conclusion of law is supported by valid findings of fact, and thus the sanction of dismissal was not "manifestly unsupported by reason." As such, it will not be overturned by this Court.

The trial court also fulfilled the requirement that it consider less severe sanctions before dismissing the case. In its order of dismissal, Conclusion of Law No. 5 in the order of dismissal reads:

> 5. The Court has *carefully considered* each of the foregoing acts, as well as their cumulative effect, and has also considered the available and appropriate remedies and sanctions for such misconduct. *After such consideration*, the Court, in its discretion, has determined that sanctions less severe than dismissal would not be adequate given the seriousness and the repetition of the misconduct described above.

(emphasis added). In an earlier case in this series of consolidated cases, this Court held that almost identical language "sufficiently demonstrate[d] that Judge Spainhour considered lesser sanctions before ordering a dismissal." *In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 251, 618 S.E.2d 819, 829 (2005); *see also Badillo v. Cunningham*, 177 N.C. App. 732, 629 S.E.2d 909, 911 (2006). There is no material difference between this language and the language in the instant case; as such, we find that the trial court fulfilled the requirement of considering lesser sanctions before ordering dismissal.

Because the trial court's findings of fact were supported by competent evidence and the trial court considered lesser sanctions before ordering dismissal, we find no abuse of discretion in the court's order.

**[2]** Plaintiff next argues that the trial court abused its discretion in denying plaintiff's motion to alter or amend the order of dismissal. This argument is without merit.

> N.C. Gen. Stat. Sec. 1A-1, Rule 60(b)(2) provides for a new trial based on newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[.] . . . In order for evidence to be newly discovered evidence under these rules, it must have been in existence at the time of the trial, and not discoverable through due diligence. The trial court's rulings on these motions will not be overturned absent an abuse of discretion.

*Broadbent v. Allison*, 176 N.C. App. 359, 364, 626 S.E.2d 758, 763 (2006) (internal quotes and citations omitted).

After Judge Spainhour dismissed plaintiff's action with prejudice, plaintiff's counsel investigated the worker's compensation incident and discovered, apparently for the first time, that plaintiff had missed no work as a result of the 1992 injuries and had returned the funds sent to him from the state's worker's compensation commission as reimbursement for lost wages. The evidence that plaintiff proffers as newly discovered is an affidavit by plaintiff, medical records pertaining to the injury, and other information regarding the worker's compensation claim.

As before, plaintiff contends that several findings of fact in the court order are not supported by competent evidence. Again, the findings of fact concern plaintiff's failure to disclose the injury and medical records. The arguments here are a repetition of plaintiff's arguments regarding the order of dismissal, including plaintiff's not recalling certain information and defendant's not having requested certain information. They are no more meritorious in this context than they were in his previous argument.

Plaintiff then contends that Conclusions of Law Nos. 1 and 3, which state the information is not newly discovered because it should have been produced during discovery, are invalid. Plaintiff argues that the evidence qualifies as "newly discovered" because it was in existence at the time of the hearing and plaintiff was "excusably ignorant" of it. *See Faulkenberry v. Faulkenberry*, 169 N.C. App. 428, 432, 610 S.E.2d 237, 240 (2005). Plaintiff bases this assertion on the fact that, when the evidence was produced after the hearing, it had been newly discovered by plaintiff's *attorney*. Plaintiff himself, of course, was aware of the evidence before litigation began, since the evidence was merely a record of an incident that had happened to him and medical treatment arising therefrom. The fact that plaintiff did not make his attorney aware of the incident until defendants brought it to light is of no relevance. Plaintiff makes no attempt to argue in what way he could be considered "excusably ignorant" of the evidence involved. As such, this argument is without merit.

Plaintiff also challenges Conclusion of Law No. 2, which states that plaintiff failed to demonstrate a sound basis to alter or amend the order. Again, plaintiff's argument is without merit. Plaintiff claims that the order of dismissal was based solely on an apparent discrepancy between plaintiff's deposition testimony and information

revealed by later discovery. This claim is incorrect. The order lists a number of other discovery violations, including failure to name all treating physicians, failure to provide all medical records, and failure to provide any information whatsoever about the worker's compensation claim, that were the basis for dismissal.

The evidence plaintiff has provided is in no way "newly discovered evidence," and this motion is without basis. As such, we find no abuse of discretion in the court's order.

[3] Plaintiff's final argument is rooted in an earlier failed attempt to have Judge Spainhour recused from the case. The motion to recuse was denied by Judge Seay, who found that Judge Spainhour had violated no provisions of the Code of Judicial Conduct.[2]

The grounds for recusal given by plaintiff are the judge's "*ex parte* communications with defendants, and actions taken as a result of those communications." Specifically, the judge requested that defendants create a proposed schedule of the remaining trials in the matter of *In Re Pedestrian Walkway Failure*, which the judge then adopted virtually wholesale.

The relevant portion of the Code of Judicial Conduct states:

(7) . . . A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding except that:

(a) Where circumstances require, ex parte communications for scheduling, administrative purposes or emergencies that do not deal with substantive matters or issues on the merits are authorized; provided:

(i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and

(ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.

ABA-CJC Canon 3.

---

2. Although plaintiff's original motion to recuse was based on a handful of incidents and circumstances of judicial conduct, plaintiff in his brief to this Court bases his argument only on the existence of *ex parte* communications between Judge Spainhour and defendants.

BAKER v. CHARLOTTE MOTOR SPEEDWAY, INC.

[180 N.C. App. 296 (2006)]

The *ex parte* communications plaintiff ·complains of were of an entirely administrative nature, concerning only the timing and order of the dozen or more of the consolidated cases still to be tried. Our Supreme Court has held that "*ex parte* communication relat[ing] only to the administrative functioning of the judicial system [is] not . . . improper." *State v. McNeill*, 349 N.C. 634, 653, 509 S.E.2d 415, 426 (1998).

When this court reviews a recusal order,

> the burden is upon the party moving for disqualification to demonstrate objectively that grounds for disqualification actually exist. Such a showing must consist of substantial evidence that there exists such a personal bias, prejudice or interest on the part of the judge that he would be unable to rule impartially.

*Lange v. Lange*, 357 N.C. 645, 649, 588 S.E.2d 877, 880 (2003) (quoting *State v. Scott*, 343 N.C. 313, 325, 471 S.E.2d 605, 612 (1996)). Here, plaintiff has not met that burden. He demonstrates only that the *ex parte* communications regarding scheduling took place, not that they constitute "bias, prejudice or interest on the part of the judge." *Id.* The motion to recuse Judge Spainhour was properly denied.

Affirmed.

Judge McGEE concurs.

Judge STEELMAN concurs in result by separate opinion.

STEELMAN, Judge concurring in the result.

I concur in the result reached by the majority in this matter.

The order entered by Judge Spainhour on 19 April 2004 documents numerous discovery violations by plaintiff of the Case Management Orders entered in this case, from September of 2001 through and including the date of the hearing of 1 April 2004. These violations included the failure to make full and complete discovery responses and failure to supplement discovery responses. Specifically, plaintiff failed to provide medical treatment records pertaining to his 1992 injury, complaints of neck pain in 1995 and 1996, and right shoulder pain in 1998. In addition, the trial court cited to plaintiff's deposition testimony in which he denied back treatment or examination of his back prior to the walkway collapse. This testimony was belied by the file of plaintiff's 1992 worker's compensation case,

which was uncovered by defendant on the day prior to the sanctions hearing during the deposition of plaintiff's employer.

Plaintiff's primary argument is that he simply "forgot" about his prior injuries and treatments, and that the sanction of dismissal is too harsh. It is clear that the trial court considered the assertions by plaintiff of multiple memory lapses and did not find them to be persuasive.

Each of the findings of fact were supported by competent evidence before the trial court and are binding upon this Court. It was the cumulative effect of multiple discovery violations that led to the imposition of the sanction of dismissal. I discern no abuse of discretion on the part of the trial judge in dismissing plaintiff's case.