IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1084

Filed 20 August 2024

Mecklenburg County, No. 22-CVS-9706

AMINAT O. AJAYI, Plaintiff,

v.

THEODORE MICHAEL SEAMAN, Defendant.

Appeal by Plaintiff from order entered 9 June 2023 by Judge Karen Eady-Williams in Mecklenburg County Superior Court. Heard in the Court of Appeals 11 June 2024.

*Arnold & Smith, PLLC, by Ashley A. Crowder, for the Plaintiff-Appellant.*

*McAngus, Goudelock & Courie, PLLC, by Meredith Cushing and Jeffrey B. Kuykendal, for the Defendant-Appellee.*

GRIFFIN, Judge.

Plaintiff Aminat O. Ajayi appeals from the trial court's order granting Defendant Theodore Michael Seaman's motions for sanctions of dismissal with prejudice and award of attorney's fees due to Plaintiff's failure to comply with discovery requests. Plaintiff argues the court erred by failing to consider sanctions less severe than dismissal, by awarding attorney's fees, and by interrupting her presentation of evidence. We affirm the trial court's dismissal of Plaintiff's case and award of attorney's fees to Defendant, but remand for re-determination of the amount of attorney's fees awarded.

## I.    Factual and Procedural Background

Plaintiff filed this lawsuit against Defendant for alleged battery and assault on 21 June 2022. On 16 August 2022, Defendant served interrogatories and requests for production of documents ("Written Discovery") on Plaintiff with an incorrect case number. On 26 August 2022, Plaintiff's counsel moved to withdraw from further representation due to Plaintiff's lack of communication. The court found Plaintiff had not responded to counsel's communications for approximately three months and granted the motion. Plaintiff proceeded *pro se* throughout the remainder of the case.

In October 2022, Defendant's counsel attempted to schedule Plaintiff's deposition date in December 2022. Plaintiff responded that she was unavailable in December. This prompted Defendant's counsel to offer potential dates in November. Plaintiff did not respond. On 10 November 2022, Defendant filed and served Notice of Video Deposition on Plaintiff to occur on 23 November 2022.

Plaintiff objected to Notice of Video Deposition, noting she was unavailable for the rest of the year and requested that the deposition be scheduled in 2023. Plaintiff did not appear at the 23 November deposition. Defendant provided four dates in January 2023 and Plaintiff responded that she was unavailable until 17 January 2023. Defendant then set the deposition for 18 January 2023.

On 7 November 2022, Defendant filed a Motion to Compel Plaintiff to provide responses to the Written Discovery, requesting sanctions in the forms of costs, including attorney's fees, for Plaintiff's failure to respond.

On 2 December 2022, Plaintiff filed a Motion to Dismiss Defendant's request

for Written Discovery because the caption was incorrect. On 12 December 2022, the court heard Defendant's Motion to Compel responses to the Written Discovery. The court told Defendant to reissue the Written Discovery request with the correct case number and instructed Plaintiff to respond. That same day, Defendant re-issued the Written Discovery request with the correct case number. The Written Discovery requested information regarding the assault/battery incident, injuries that arose from it, Plaintiff's medical and provider history, medical expenses, and insurance information.

On 12 January 2023, Plaintiff served Defendant with incomplete responses to the Written Discovery requested. Plaintiff then failed to appear at the 18 January 2023 deposition date. On 20 January 2023, Defendant filed a Motion to Show Cause and to Compel Deposition. On 24 January 2023, Defendant's counsel provided Plaintiff a letter detailing deficiencies in her responses to the Written Discovery she had served on 12 January 2023. On 28 February 2023, Plaintiff responded to Defendant's letter with medical records, but no further responses or documents.

On 6 March 2023, the parties appeared before the trial court, who ordered that Plaintiff's deposition would be conducted on 27 March 2023. The trial court also ordered that Plaintiff should provide full responses to the Written Discovery request by 10 March 2023 and pay $97.00 in costs of Defendant's counsel fees for her failure to appear at the 18 January 2023 deposition. Plaintiff failed to produce the documents by 10 March 2023, as ordered.

On 23 March 2023, Defendant filed a Motion to Show Cause, Motion to Dismiss, and Motion for Additional Sanctions. That same day, Defendant's counsel emailed Plaintiff the Notice of Hearing for the Motion to Show Cause scheduled for 12 April 2023. Plaintiff responded she would be unavailable. On 24 March 2023, Plaintiff filed a Motion to Reschedule Hearing on Order to Show Cause. This Motion was denied.

Plaintiff appeared at the 27 March 2023 deposition, but refused to answer questions about her current employer, how long she worked for her current employer, whether she reported to anyone at work when she missed work due to the alleged assault, and how many days she missed from work following the alleged assault. Plaintiff claimed these factual inquiries were immaterial to the case.

On 10 April 2023, Defendant submitted supporting documents for his Motion to Show Cause including the deposition transcript and an affidavit noting legal fees incurred due to the Plaintiff's alleged discovery violations.

On 12 April 2023, the trial court heard Defendant's Motion to Show Cause. Defendant's counsel asked the court to dismiss Plaintiff's complaint due to her discovery violations. The court noted the repeated violations and decided to take the Motion to Show Cause under advisement, explicitly warning Plaintiff that if there was not full compliance by a re-hearing date of 12 May 2023, the case would be dismissed, and Defendant's motion for attorney's fees would be granted.

On 12 May 2023, Defendant's Motion to Show Cause was reheard. The trial

court entered a written order on 9 June 2023 granting Defendant's Motion to Show Cause, Motion to Dismiss, and Motion for Additional Sanctions (the "Dismissal Order"). In the Dismissal Order, the trial court found that Plaintiff's responses to the Written Discovery were incomplete. Additionally, the court found Plaintiff had refused to answer numerous questions in her ordered deposition and had willfully violated the court's Order to Compel twice. The court entered an award of sanctions in the amount of $6,081.00 for attorney's fees incurred by Defendant. Additionally, the court dismissed Plaintiff's complaint with prejudice. On 16 June 2023, Plaintiff appealed the Dismissal Order.

## II.  Analysis

Plaintiff raises three arguments on appeal. First, Plaintiff argues the trial court should not have granted Defendant's Motion to Dismiss with prejudice because the court did not consider lesser sanctions first. Second, Plaintiff argues the trial court erred in awarding Defendant's attorney's fees. Lastly, Plaintiff argues the trial court erred by interrupting and questioning Plaintiff during the 12 May 2023 rehearing.

This Court reviews a trial court's award of sanctions and attorney's fees, as well as a trial court's broad discretionary power to control the trial and question witnesses, for an abuse of discretion. *See Cheek v. Poole*, 121 N.C. App. 370, 374, 465 S.E.2d 561, 564 (1996); *Graham v. Rogers*, 121 N.C. App. 460, 465, 466 S.E.2d 290, 294 (1996); *see also State v. Rios*, 169 N.C. App. 270, 281, 610 S.E.2d 764, 772 (2005)

(citing *State v. Mack*, 161 N.C. App. 595, 598, 602, 589 S.E.2d 168, 171, 173 (2003)). A trial court abuses its discretion when "its decision is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Azure Dolphin, LLC. v. Barton*, 371 N.C. 579, 603, 821 S.E.2d 711, 728 (2018) (citations omitted) (internal quotations omitted).

## A. Awarding Sanctions

Trial courts have broad discretion over sanctions. *See Rose v. Isenhour Brick & Tile Co.,* 120 N.C. App. 235, 240, 461 S.E.2d 782, 786 (1995). Trial courts do not abuse their discretion by imposing severe sanctions if the sanction is enumerated "and there is no specific evidence of injustice." *Batlle v. Sabates*, 198 N.C. App. 407, 417, 681 S.E.2d 788, 795 (2009) (citations omitted) (internal quotations omitted).

When a party fails to comply with a properly noticed deposition or interrogatory, the trial court can make orders "in regard to the failure as are just," and require the failing party to pay reasonable expenses caused by the failure, including attorney's fees. N.C. R. Civ. P. 37(d). Dismissal of an action and awarding attorney's fees are listed sanctions for failures to comply with orders compelling discovery. N.C. R. Civ. P. 37(b)(2)(c).

### 1. Sanction of Dismissal

Plaintiff asserts dismissing her case as a sanction for noncompliance with discovery requests was an abuse of discretion by the trial court because the court did not consider lesser sanctions prior to dismissing with prejudice. Sanctions that

determine the outcome of a case, such as dismissals, are reviewed for an abuse of discretion. *American Imports, Inc. v. G.E. Emps. W. Region Fed. Credit Union*, 37 N.C. App. 121, 124, 245 S.E.2d 798, 800 (1978). But dismissals are also "examined in the light of the general purpose of the rules to encourage trial on the merits." *Id.* We thereby review Plaintiff's argument "utilizing an abuse of discretion standard while remaining sensitive to the general preference for dispositions on the merits that lies at the base of our rules of civil procedure." *See Batlle*, 198 N.C. App. at 419, 681 S.E.2d at 797.

Before dismissing an action with prejudice, a trial court must first consider less severe sanctions. *See Goss v. Battle*, 111 N.C. App. 173, 176–77, 432 S.E.2d 156, 158-59 (1993). When the record supports that the trial court considered less severe sanctions, the decision will not be overturned unless it is "so arbitrary that it could not be the result of a reasoned decision." *Badillo v. Cunningham*, 177 N.C. App. 732, 734, 629 S.E.2d 909, 911 (citing *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 179, 464 S.E.2d 504, 506 (1995)). Trial courts are not required to list and reject every possible lesser sanction. *Id.* at 735, 629 S.E.2d at 911.

A sanction of dismissal is warranted for noncompliance with a court order. *See Ray v. Greer*, 212 N.C. App. 358, 363, 713 S.E.2d 93, 96–97 (2011). "The power of the trial court to sanction parties for failure to comply with court orders is essential to the prompt and efficient administration of justice." *Daniels v. Montgomery Mut. Ins. Co.*, 320 N.C. 669, 674, 360 S.E.2d 772, 776 (1987) (citing N.C. R. Civ. P. 41(b)). In

*Daniels*, the plaintiff's case was dismissed due to the "plaintiff's previous refusal to comply with a lesser sanction." *Id.* at 681, 360 S.E.2d at 780. In *Baker v. Charlotte Motor Speedway, Inc.*, the plaintiff's case was dismissed with prejudice due to noncompliance with discovery, specifically the failure to produce medical records relating to injuries alleged in the claim. 180 N.C. App. 296, 298, 636 S.E.2d 829, 831 (2006). The plaintiff appealed and this Court upheld the decision, finding that the trial court's sanction of dismissal was supported by valid findings of fact and that the noncompliance "'frustrated the purpose of discovery[,] . . . denied [the] defendants the opportunity to prepare properly for trial[,] . . . [and] unfairly prejudiced [the d]efendants in their defense of his claims,' and caused [the] defendants to incur additional costs." *Id.* at 300–01, 636 S.E.2d at 832.

The clearest way a trial court can show that it considered lesser sanctions is through explicit language in its order imposing sanctions. *In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 251, 618 S.E.2d 819, 828–29 (2005). For example, the order in *In re Pedestrian Walkway Failure* stated:

> [T]he court has carefully considered each of [the plaintiff's] acts [of misconduct], as well as their cumulative effect, and has also considered the available sanctions for such misconduct. After thorough consideration, the court has determined that sanctions less severe than dismissal would not be adequate given the seriousness of the misconduct[.]

*Id.*

While such written language in orders is sufficient for a finding, it is not

necessary to show that a trial court considered lesser sanctions before dismissing the case. *See Hursey*, 121 N.C. App. at 179, 464 S.E.2d at 507. "[T]his Court will affirm an order for sanctions where 'it may be inferred from the record that the trial court considered all available sanctions.'" *In re Pedestrian Walkway Failure*, 173 N.C. App. at 251, 618 S.E.2d at 828 (citing *Hursey*, 121 N.C. App. at 179, 464 S.E.2d at 507).

Here, Plaintiff argues the trial court abused its discretion and did not consider lesser sanctions because its Dismissal Order did not contain explicit language like the language present in *In re Pedestrian Walkway Failure*. While explicit language is not present in the Dismissal Order, the record in this case demonstrates the trial court considered lesser sanctions. The Dismissal Order's findings implicitly show the trial court considered—and initially employed—less severe methods. The Dismissal Order includes incidents of Plaintiff's noncompliance and their cumulative effect on the proceedings:

> 5. On January 13, 2023 Plaintiff served Defendant with drastically incomplete responses to Defendant's First Set of Interrogatories and Requests for Production of Documents wherein she objected to responding to a majority of the requests and failed to provide any medical records or bills in support of her allegations.
>
>  . . .
>
> 7. Plaintiff failed to contact the undersigned and failed to serve supplemental responses.
>
> 8. A hearing on Defendant's Motion to Compel was held on March 6, 2023 and the Honorable Judge Reginald McKnight ordered Plaintiff "shall fully and completely

supplement..." the responses and "Plaintiff's supplemental written responses shall be delivered to defense counsel by 5:00pm on March 10, 2023." Judge McKnight also ordered Plaintiff to sit for her deposition, at which she refused to answer numerous questions.

9. Plaintiff failed to produce the complete supplemental discovery responses to Defense Counsel by March 10, 2023.

10. Thereafter, Plaintiff counsel served some incomplete responses to the Interrogatories and provided some medical records.

. . .

13. As of the date of the instant hearing, Plaintiff still had not provided complete Responses pursuant to the Order to Compel and it was determined Plaintiff willfully violated the Court's Order.

14. At the hearing on April 12, 2023, Judge Eady-Williams provided Plaintiff with an additional thirty (30) days to provide complete responses and set a follow-up hearing for May 12, 2023.

15. On May 12, 2023, the follow-up hearing on Defendant's Motion to Show Cause was heard by the Honorable Judge Eady-Williams.

16. As of the date of the hearing, Plaintiff still had not complied with the [c]ourt's Order to Compel and it was determined Plaintiff willfully violated the [c]ourt's Orders.

. . .

20. Pursuant to Rule 37(b)(2) of the North Carolina Rules of Civil Procedure, if a party fails to obey an order entered pursuant to Rule 37(a) of the North Carolina Rules of Civil Procedure, a judge of the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to, dismissing the action,

and/or requiring the party failing to obey the order to pay the reasonable expenses, including attorney's fees, caused by the failure to comply.

The Dismissal Order acknowledges the court had previously provided an additional thirty days for compliance and set a rehearing date. Instead of ruling at the outset on Defendant's Motion to Show Cause, the court provided Plaintiff an additional thirty days to comply. Finding of fact 20 also shows the trial court was, at a minimum, aware dismissal was but one of the sanctions that Rule 37(b)(2) allowed it to impose; the trial court nonetheless chose dismissal.

The remainder of the record further shows the trial court considered lesser sanctions. During the 12 April 2023 hearing on Defendant's Motion to Show Cause, the trial court noted Plaintiff's "pattern of noncompliance" and issued a warning that, if Plaintiff did not comply by the rehearing date within thirty days, the sanctions of fees and dismissal would be imposed. The judge stated:

> What [defense counsel] has requested is, in my estimation, an extreme yet valid request. *Extreme to the extent that it's rare that [c]ourts will dismiss cases, disposit – matters, just dispose it, get rid of it for discovery issues. . . .* But what [defense counsel] has also presented is what she deems a pattern of noncompliance, a pattern of behavior, and she's also provided cases where it's not unheard of for a [c]ourt to dismiss a case when there's, A, a pattern; or B, willful non-compliance."
>
> . . .
>
> I'm taking the motion for contempt under advisement for a period of 30 days. At the end of 30 days, I want this matter to come back on to see if there's been compliance – full

compliance. If not, I'm dismissing the case, period. I'm granting the sanctions [defense counsel] requested and I'm granting the attorney's fees she's requested.

. . .

And so, [Plaintiff], I think I'm bending over backwards, and [defense counsel] knows that, and so I'm giving you 30 days, otherwise, I'm dismissing the case. I want to know in 30 days whether that information has been received, and if not, it will be dismissed with prejudice, which means you cannot refile the claim.

(Emphasis added).

The judge noted her understanding that while dismissing a case is rare, the evidence presented by Defendant supported her doing so. But instead of dismissing the case at the initial hearing on Defendant's Motion to Show Cause, the judge provided Plaintiff another chance to comply with the discovery requests. The judge declined to require that interim attorney's fees be paid in the thirty-day period, and instead wanted to wait to see if there had been compliance to grant attorney's fees.

Plaintiff also argues that, under Rule 26, she was entitled to respond to discovery by objections. However, Rule 37(d) provides "the failure to act described in this section may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided in Rule 26(c)." N.C. R. Civ. P. 37(d). The record does not reflect Plaintiff ever applied for a protective order. The court found in its Dismissal Order the record did not show Plaintiff was substantially justified in her failure to comply with

discovery requests, and Plaintiff was without justification for the failure to comply with the Order to Compel. Thus, Plaintiff's argument that she was entitled to respond to discovery by objections is unfounded.

### 2. Sanction of Awarding Attorney's Fees

Plaintiff asserts that the trial court (1) erred in awarding attorney's fees as a sanction and (2) that the trial court awarded an unreasonable amount of attorney's fees. We disagree that awarding attorney's fees was error, but we agree that the amount awarded is unsupported.

When there is no justification for a non-moving party's failure to comply with an order to compel discovery, the court is required to award attorney's fees to the moving party. *Kent v. Humphries*, 50 N.C. App. 580, 590, 275 S.E.2d 176, 183 (1981) (citing N.C. R. Civ. P. 37(a)(4)). An award of expenses should be a reimbursement to the successful movant and not a punishment to the non-complying party. *Benfield v. Benfield*, 89 N.C. App. 415, 422, 366 S.E.2d 500, 504 (1988) (citing 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* Par. 37.02 [10-1] at 37–47 (2d ed. 1987)). To determine the reasonableness of attorney's fees, "the record must contain findings of fact as to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney." *Cotton v. Stanley*, 94 N.C. App. 367, 369, 380 S.E.2d 419, 421 (1989) (citation omitted). An affidavit may attest fees incurred, but an affidavit that contains only a conclusory statement and does "not state a comparable rate by other attorneys in the area with similar skills for like

work" is insufficient evidence to establish the awarded amount was reasonable. *Porters Neck Ltd., LLC. v. Porters Neck Country Club, Inc.*, 276 N.C. App. 95, 105, 855 S.E.2d 819, 828 (2021).

Here, Plaintiff repeatedly failed to comply with Defendant's discovery and deposition requests, and the trial court properly awarded attorney fees to Defendant for expenses incurred in obtaining the Order to Compel. *See Kent*, 50 N.C. App. at 590, 275 S.E.2d at 183. However, the record evidence is insufficient to support the amount of attorney's fees awarded to Defendant. The record is not completely void of findings the fees were reasonable; it contains defense counsel's affidavit, a bill for the video deposition, and a bill for the transcript report. These materials were part of the record, and proper for the trial court to rely upon them to determine the amount of attorney's fees to award. *See Benfield*, 89 N.C. App. at 422, 366 S.E.2d at 504.

Nonetheless, the record is insufficient to support the amount of attorney's fees awarded. Defense counsel's affidavit attests:

> 9. Accordingly, the total amount of attorneys' fees sought to be recovered in defense of this lawsuit is $4,675.00 and the total amount of paralegal fees to be recovered is $1,136.00.
>
> 10. I believe that these hourly rate amounts are reasonable based on my experience and training during the relevant time period handling this type of case, the location where the matter is pending and the work necessary based on Plaintiff's failure to prosecute her claim. It is my opinion that the total fee of $4,675.00 representing 27.5 hours of attorney time and 14.2 hours of paralegal time spent on the matter is reasonable.

11. The time and tasks taken in defense of the claim were reasonable and necessary for the defense of the action on behalf of Defendants.

12. The total sum of legal fees incurred in this matter is $5,811.00.

The affidavit includes the attorney's billable rate and the number of hours expended. However, the affidavit does not contain any specific comparable rates from other similarly skilled attorneys. The record lacks evidence from which the trial court could make a finding of fact regarding comparable fees. Without such comparisons, we may not uphold the amount awarded. *See Porters Neck*, 276 N.C. App. at 105, 855 S.E.2d at 828.

We affirm the trial court's award of attorney's fees for Defendant, but remand the Dismissal Order for the trial court to reconsider the amount of attorney's fees. The court should consider the reasonableness of defense counsel's fees as compared to similarly situated attorneys in the area.

## B. Exercising and Controlling Trials

Plaintiff argues that the trial court abused its discretion by questioning her during her evidentiary presentation and argument. Plaintiff further contends that the court abused its discretion by making comments and inferences on the record regarding her education and level of understanding of the legal process.

"The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation

and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." N.C. R. Evid. 611(a). A trial court's questions should be viewed "in the light of all the facts and attendant circumstances disclosed by the record." *Andrews v. Andrews,* 243 N.C. 779, 781, 92 S.E.2d 180, 181 (1956). Trial judges are not prohibited from expressing their opinions and making comments in trials where they serve as the fact finder. *See Hancock v. Hancock*, 122 N.C. App. 518, 528, 471 S.E.2d 415, 421 (1996).

Trial judges have "the duty to supervise and control [proceedings], including the direct and cross-examination of witnesses, to ensure fair and impartial justice for both parties." *State v. Fleming*, 350 N.C. 109, 126, 512 S.E.2d 720, 732 (1999) (citing *State v. Agnew*, 249 N.C. 382, 395, 241 S.E.2d 684, 692 (1978)). Trial judges also have a duty to question witnesses "to clarify testimony or to elicit overlooked pertinent facts." *Id.* (citation and quotation marks omitted); *see State v. Quick*, 329 N.C. 1, 25, 405 S.E.2d 179, 193 (1991) (holding court properly used its questioning authority to "to clarify ambiguous testimony and to enable the court to rule on the admissibility of certain evidence").

In *Angarita v. Edwards*, this Court held that a trial court did not abuse its discretion when questioning and interrupting a defendant. 278 N.C. App. 621, 628, 863 S.E.2d 796, 802 (2021). Considering the trial judge's interruptions, the Court found "it [was] apparent that the trial judge interrupted only in the interests of

expediency and to bring a pro se [d]efendant into compliance with the rules of evidence." *Id.* Additionally, in the absence of evidence of the trial judge's personal bias, the Court found the judge's apparent bias against or attitude toward the defendant arose "from a disapproval of [the d]efendant's disorganized arguments and mode of presenting evidence." *Id.* at 629, 863 S.E.2d at 803. Further, the Court in *Angarita* held the trial court's interruption of defendant was, if anything, helpful to the defendant's ability to express their case. *Id.* at 629, 863 S.E.2d at 802.

Here, the trial court acted as fact finder and asked Plaintiff questions, made comments, and expressed inferences in pursuit of that duty. The purpose of the 12 May rehearing was to assess Plaintiff's compliance with the prior Order to Compel. Similar to the facts in *Angarita*, the record and hearing transcript in this case tend to show the trial court's efforts to expediently reach the important matters before the court, particularly in light of Plaintiff's repeat failure to adhere to court rules and unfocused presentation of evidence. The trial court steered Plaintiff toward the legal matter that needed discussion—why she had not complied with ordered discovery. The judge also interrupted Defendant's attorney to focus the proceeding.

Plaintiff contends the trial judge's conduct prevented her ability to properly present her case *pro se*. Plaintiff's choice to represent herself does not alter the court's duties and abilities during trial. *See Brown v. Kindred Nursing Ctrs. E., L.L.C.*, 364 N.C. 76, 84, 692 S.E.2d 87, 92 (2010) (explaining that the rules apply equally to all parties, notwithstanding representation status); *Bledsole v. Cnty. of Wilkes*, 135 N.C.

App. 124, 125, 519 S.E.2d 316, 317 (1999). Further, the court allowed Plaintiff ample opportunity to explain why she had failed to comply with the Order to Compel, which the court considered pivotal to its ultimate decision. The record here does not support Plaintiff's contention that the trial abused its discretion.

### III. Conclusion

We hold the trial court did not abuse its discretion when presiding over the 12 May 2023 hearing. The trial court also did not err in sanctioning Plaintiff by dismissing her case and by awarding Defendant attorney's fees. However, we hold the trial court's determination of the amount awarded was based on insufficient evidence. We affirm the trial court's Dismissal Order, but remand to the trial court for a redetermination of the amount of attorney's fees to be awarded. The court is free to hear additional evidence as needed to reach its determination.

AFFIRMED AND REMANDED.

Judges TYSON and ZACHARY concur.