BRIAN SCOTT BAKER AND JANNA C. JORDAN-BAKER, PLAINTIFFS v. PRUDENCE ROSNER, ED ROSNER, JO FAULK, AND NOVA REALTY, INC., DEFENDANTS

No. COA08-1298

(Filed 16 June 2009)

**1. Discovery— violations—erroneous striking of answers and default judgment—nonparty**

The trial court abused its discretion in a fraud and unfair and deceptive trade practices case arising out of the sale of a home by striking defendant realty company's answer and entering a default against it when it was not in violation of the order, and the entry of default regarding the realty company is reversed and remanded because: (1) the company was not a party to the pertinent order and thus not a disobedient party; and (2) plaintiffs did not seek discovery from the company.

**2. Discovery— violation of consent order—striking of answers—entry of default**

The trial court did not abuse its discretion in a fraud and unfair and deceptive trade practices case arising out of the sale of a home by striking all defendants' answers and entering default against defendants Rosners and Faulk because: (1) there was ample evidence that Prudence Rosner acted improperly and violated the consent order including refusal to answer numerous questions regarding her finances during her deposition, failure to produce pertinent documents within fourteen days after mediation on 10 March 2008 as ordered by the trial court, and failure to produce real property tax information and information regarding a possible trust in her possession; (2) Ed Rosner failed to produce any financial statements; and (3) Faulk failed to produce financial documents within the fourteen days after the mediation and did not produce any documents until after plaintiffs filed the motion for sanctions.

Appeal by Defendants from judgment entered 22 April 2008 by Judge W. David Lee in Union County Superior Court. Heard in the Court of Appeals 24 March 2009.

*William H. Helms, for Plaintiffs-Appellees.*

*Horack, Talley, Pharr & Lowndes, P.A., by John W. Bowers, for Defendants-Appellants.*

**BAKER v. ROSNER**

[197 N.C. App. 604 (2009)]

BEASLEY, Judge.

Defendants appeal from the trial court's order striking Defendants' answers and entering default as to the Plaintiffs' claims for fraud against each Defendant. We affirm in part, reverse in part, and remand for further proceedings.

The record shows the following: in September 2006, Brian Scott Baker and Janna C. Jordan-Baker (Plaintiffs) filed a complaint against Prudence Rosner, Ed Rosner, Jo Faulk, and Nova Realty, Inc. (Defendants) in connection with Plaintiff's purchase of a home located at 4520 Ferguson Circle in Waxhaw, North Carolina. Prudence Rosner was the previous owner of the home and Ed Rosner was her husband. Jo Faulk (Faulk) was a real estate agent who represented Prudence and Ed Rosner (Rosners) in the sale of the home. Faulk was acting as an agent of Nova Realty, Inc. (Nova). The complaint alleged that Defendants committed fraud and unfair and deceptive trade practices when they sold a home to Plaintiffs in 2003. Plaintiffs sought compensatory and punitive damages from Defendants, jointly and severally.

In their Answers, Defendants denied the allegations and asserted numerous affirmative defenses. In January 2008, Plaintiffs served Defendants with a notice of deposition and requested production of documents at the deposition. During the deposition, Prudence Rosner was not cooperative and refused to answer questions concerning her finances. In response, Plaintiffs filed a Motion to Compel, requesting that Prudence Rosner answer questions concerning her financial affairs and accounts. In March 2008, the trial court signed a consent order (order) directing the Rosners and Faulk to produce certain financial documents, including federal income tax returns, account information from financial institutions, and property tax invoices. The parties were to attempt mediation and if they were unable to reach a settlement, Defendants were to give Plaintiffs their financial documents within fourteen days following mediation.

On 10 March 2008 mediation was held and the parties were unable to reach a settlement. The Rosners and Faulk failed to produce the necessary documents within fourteen days. It was not until 7 April 2008 that they produced only a portion of the required documents, most of which were redacted. Because they failed to fully comply with the trial court's order, Plaintiffs filed a Motion for Sanctions pursuant to Rule 37 of the Rules of Civil Procedure on 2

April 2008. On 22 April 2008, the trial court issued an Order that stated, in pertinent part:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, in the Court's discretion, that the plaintiffs' motion for sanctions is allowed, and the Court, having considered lesser sanctions, in its discretion, orders that the answer of each defendant is hereby striken, and an entry of default is hereby made as to the plaintiffs' claims for fraud against each defendant.

From this order, Defendants appeal.

### Order

Defendants' central argument is that the trial court erred and abused its discretion in striking all Defendants' answers and entering default against all Defendants. Defendants assert that the trial court erred when not every Defendant was required to produce documents under the consent order, when there was no evidence before the trial court or in the record that all Defendants acted improperly, and when the order was not the result of a reasoned decision. We agree in part and disagree in part.

Rule 37 of the North Carolina Rules of Civil Procedure states that if a party fails to obey an order, a judge may make an order "striking out pleadings or part thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the *disobedient party*[.]" N.C. Gen. Stat. § 1A-1, Rule 37 (b)c (2007) (emphasis added). Determining which sanctions are appropriate under Rule 37 is within the sound discretion of the trial court. *Fayetteville Publ'g Co., v. Advanced Internet Techs., Inc.*, 192 N.C. App. 419, 665 S.E.2d 518, 522 (2008). The court's ruling on sanctions "will not be reversed on appeal absent a showing of abuse of discretion." *Williams v. N.C. Dept't of Env't and Natural Res.*, 166 N.C. App. 86, 92, 601 S.E.2d 231, 235 (2004). When considering sanctions,:

> [b]efore dismissing the action, . . . the trial court must first consider less severe sanctions. This court reviews the trial court's action in granting sanctions pursuant to Rule 37, including dismissal of claims, for abuse of discretion. A trial court may be reversed for abuse of discretion *only* upon a showing that its ruling was so arbitrary that it *could not have been the result of a reasoned decision or was manifestly unsupported by reason.*

BAKER v. ROSNER

[197 N.C. App. 604 (2009)]

*Fayetteville Publ'g*, 192, N.C. App. at 424, ——, 665 S.E.2d at 522 (quoting *Baker v. Charlotte Motor Speedway, Inc.*, 180 N.C. App. 296, 299, 636 S.E.2d 829, 831 (2006)) (internal citations omitted and emphasis added).

[1] First, Defendants argue that the trial court erred by striking Nova's answer and entering default against it because Nova was not in violation of the Order. We agree. Nova was not a party to the order and Plaintiffs did not seek discovery from Nova. "An abuse of discretion may arise if there is no record evidence which indicates that defendant acted improperly, or if the law will not support the conclusion that a discovery violation has occurred." *Baker v. Speedway MotorSports, Inc.*, 173 N.C. App. 254, 264, 618 S.E.2d 796, 803 (2005), *disc. review denied*, 361 N.C. 425, 648 S.E.2d 204 (2007). In the present case, Nova was not a party to the March 2008 order, calling for the production of financial documents.

There is no record evidence that Nova acted improperly or that Nova violated any discovery orders. We agree with Defendants that the trial court abused its discretion by striking Nova's answer and entering default against it when it was not a disobedient party. We reverse the trial court's entry of default regarding Nova and remand for further proceedings with respect to Plaintiffs' claims against Nova.

[2] Defendants also argue that the trial court erred by striking all Defendants' answers and entering default against Rosners and Faulk. Defendants contend that there was no evidence that all Defendants acted improperly and that the order was not the result of a reasoned decision. Specifically, Defendants argue that Faulk fully complied with the consent order, that Ed Rosner did not file tax returns because he did not produce any income, and that the Rosners provided all the financial statements specified in the order.

In regards to the Rosners and Faulk, we hold that the trial court did not abuse its discretion in striking their answers and entering default against them. The trial court found, in pertinent part, that:

> it appearing that following a scheduled hearing on plaintiff's motion to compel production of documents, the defendants, through counsel, consented to the production of certain documents, including Federal income tax returns for the last two filed returns;

> . . . .

it appearing that at the time of the filing of the motion for sanctions the time for production of the documents had passed and that no documents had been produced;

. . . .

it appearing that the responding parties have either chosen in certain instances not to respond, or, even with the benefit of the court hearing on sanctions, have unilaterally interpreted the relevant scope of the response; that the failure to produce full and complete documents as to which the defendants consented, without objection, without application for further protective provisions, and without good cause, subverts the plaintiffs' rights to seek recovery of punitive damages in this case;

"The trial court's findings of fact 'are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.' " *State v. Haislip*, 362 N.C. 499, 500, 666 S.E.2d 757, 758 (2008) (quoting *State v. Buchanan* 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001)). There was ample evidence that Prudence Rosner acted improperly and violated the consent order. First, during her deposition, Prudence Rosner refused to answer numerous questions regarding her finances. For example, she refused to disclose the balances in her banking accounts, whether she possessed any bonds or CDs, and whether or not she had shared accounts with her husband. Secondly, Prudence Rosner was required to produce documents such as federal income tax returns for the last two years, all financial statements prepared within the past four years, and all 2007 property tax invoices pursuant to the March 2008 consent order. Prudence Rosner failed to produce these documents within fourteen days after mediation on 10 March 2008, as ordered by the trial court. It was not until 7 April 2008 that Plaintiffs received any response from Prudence Rosner. In her response, Prudence Rosner produced a redacted version of her 2005 tax return, only the first page of her 2006 tax return, and information for one checking account when she indicated she had more than one checking account during her deposition. Prudence Rosner failed to produce real property tax information and information regarding a possible trust in her possession.

Ed Rosner violated the consent order when he did not produce any financial statements, asserting that he had been retired for ten years in his deposition. During his deposition, Ed Rosner stated that he did not have any income. However, Prudence Rosner, while being

SCHWARZ & SCHWARZ, LLC v. CALDWELL CTY. R.R. CO.

[197 N.C. App. 609 (2009)]

deposed, stated that she and her husband had separate bank accounts and that Ed Rosner was CEO of the Ringing Rocks foundation.

There is also sufficient evidence to support Faulk's violation of the consent order. While Defendants argue that Faulk produced "all relevant information required by the Consent Order" and the parties stipulated that there were no issues related to their production, Faulk failed to produce financial documents within the fourteen days after the mediation after failing to reach a settlement. Faulk did not produce any documents until after Plaintiffs filed the motion for sanctions, thereby clearly violating the terms of the consent order.

In its order, the trial court considered lesser sanctions and, "in its discretion . . . determined that the most appropriate sanction [was] the striking of defendants' answers and entry of default as to the plaintiffs' claims for fraud against each defendant." We hold that the trial court did not abuse its discretion in finding that the answers of the Rosners and Faulk be stricken and that an entry of default be made as to each of their claims against Defendant. We affirm the trial court's ruling as to the Rosners and Faulk.

For the foregoing reasons, we reverse in part, affirm in part, and remand for further proceedings.

Judges McGEE and GEER concur.