IN THE MATTER OF THE ESTATE OF FRANCES FAISON JOHNSON, Deceased

No. COA09-993

(Filed 20 July 2010)

**1. Discovery— sanctions—allegations in caveat deemed to be true—prior will admitted to probate**

The trial court did not abuse its discretion by ordering as a discovery sanction that the matters in a verified caveat were deemed to be true, annulling the probate of a subsequent will, and ordering that the prior will and codicil be admitted to probate.

**2. Discovery— caveat proceedings—sanctions**

The Court of Appeals rejected the argument of a propounder that a caveat proceeding must be allowed to go to a jury if a party alleges an issue of fact and refuses to support his allegations in discovery responses. The Court also rejected the argument that sanctions under N.C.G.S. § 1A-1, Rule 37 should only be applicable to a caveator.

**3. Appeal and Error— notice of appeal—required**

Discovery sanctions against three propounders of a will for the failure of one to comply with an order were upheld where the other two propounders did not give notice of appeal.

Appeal by propounder from an order entered on or about 11 February 2009 by Judge W. Allen Cobb, Jr. in Superior Court, Sampson County. Heard in the Court of Appeals 3 December 2009.

*Ward and Smith, .P.A., by Jenna Fruechtenicht Butler, for caveator-appellee.*

*Everett & Everett, Attorneys at Law, by Lewis M. "Luke" Everett, for propounder-appellant.*

STROUD, Judge.

Propounder appeals from a trial court's order imposing discovery sanctions pursuant to Rule 37. For the following reasons, we affirm.

## I. Background

On 30 September 2007, Frances Faison Johnson ("decedent"), a resident of Sampson County died, survived by her two children Mary Lily Johnson Nuckolls ("caveator") and Jefferson Deems Johnson, III

**IN RE ESTATE OF JOHNSON**

[205 N.C. App. 641 (2010)]

("propounder Jefferson") On 23 August 1991, decedent executed a "Last Will and Testament[.]" On or about 17 November 1994, decedent executed a handwritten codicil to this will. On or about 4 October 2007, propounder Jefferson presented to the Clerk of Superior Court, Sampson County a handwritten document dated 19 December 2003, ("2003 document") which propounder Jefferson alleged was the last will and testament of decedent. On 30 January 2008, caveator filed a verified caveat contesting the validity of the 2003 document on the grounds that decedent lacked capacity at the time the 2003 document was written, and that propounder Jefferson procured the 2003 document by undue influence, duress, and fraud. On 11 February 2008, Jefferson Johnson and his daughters, Ellen B. Johnson and Susan Johnson Fordham (referred to collectively as "propounders"), filed with the trial court an "Election to be Propounder." On 10 March 2008, propounders filed their response to the verified caveat and amended that response on 2 April 2008.

On or about 9 April 2008, caveator served her first set of interrogatories and requests for production of documents on propounder Jefferson. On or about 14 April 2008, caveator served her second set of interrogatories and requests for production of documents on propounder Jefferson. On 9 July 2009, propounder's trial counsel filed a motion to withdraw as counsel for propounders and for payment of attorney's fees. On 7 August 2008, the trial court entered two orders. The first order allowed propounders' trial counsel to withdraw and provided for payment of his attorney fees "upon completion of the trial[.]" The second order stayed discovery for three weeks, from 4 August 2008 until 25 August 2008, to allow for propounders to "retain new counsel as they deem fit" and required that by 26 August 2008 each party should make available to the other party "copies of documents properly responsive to the Requests for Production of documents served on each party by the other." The trial court also ordered that "all counsel shall cooperate in an expeditious resumption of discovery."

On 19 August 2008, propounder Jefferson, acting *pro se*, filed a handwritten "Notice of Appeal with Exceptions and Statement of Facts and Reasons on Petition for Writ of Certiorari" with the Sampson County, Clerk of Superior Court. On or about 2 December 2008, caveator filed a motion to dismiss propounder Jefferson's appeal, compel discovery, and for sanctions. On 9 December 2008, propounder Jefferson filed his responses to caveator's first and second sets of interrogatories and requests for production of docu-

ments. On 23 December 2008, the trial court entered an order dismissing propounder Jefferson's "Notice of Appeal" and granting caveator's motion to compel. The trial court noted in its order that, "[a]lthough Propounder responded to Caveator's discovery, Propounder's Responses were not timely and included numerous objections[,]" and "[c]aveator provided documents in accordance with the Court's August 2008 Order [but] Propounder did not provide documents in accordance with the Court's August 2008 Order[.]" The trial court ordered propounder Jefferson to "provide full and complete answers and responses to Caveator's First and Second Discovery, without objection, on or before January 15, 2009[,]" and for him to "make available for inspection all documents responsive to Caveator's First and Second Discovery." The trial court ordered that "[f]ailure to make such production shall subject Propounder to a $2,500.00 fine and Caveator also may seek other appropriate relief." The trial court denied caveator's motion for sanctions.

On 30 December 2008, acting *pro se*, propounder Jefferson filed another handwritten "Notice of Appeal and Stay Request" with the Sampson County Clerk of Superior Court. On or about 21 January 2009, caveator filed a second motion for sanctions requesting, *inter alia*, that the trial court (1) set aside, annul, and adjudicate the 2003 document "not to be the Last Will and Testament of the Decedent;" (2) deem the facts set forth in caveator's verified caveat to be "established for the purposes of the action;" (3) subject propounder Jefferson to a $2,500.00 fine as required by the court's 23 December 2008 order; and (4) award caveator her costs and legal fees associated with the violated orders. On 5 February 2009, propounder Jefferson, acting *pro se*, filed a petition for writ of supersedeas with this Court, which included a motion for temporary stay. This Court denied propounder Jefferson's motion for temporary stay on 9 February 2009 and denied his petition for writ of supersedeas on 19 February 2009. By order dated 12 February 2008, the trial court granted caveator's second motion for sanctions. The trial court noted that "[p]ropounder has had numerous opportunities to properly respond to Caveator's First and Second Discovery, to produce responsive documents, and to comply with the Court's August 11, 2008 and December 23, 2008 Orders" but "has exhibited continued recalcitrance and repeated disobedience of the Orders of this Court." After considering lesser sanctions, the trial court ordered that "[t]he matters asserted in the Verified Caveat are accepted as true and shall be taken to be established for purposes of this action[;]" annulled the probate of the 2003 document dated 19 December 2003; adjudged it "not to be the Last

Will and Testament of the Decedent[;]" and ordered the clerk of court to accept for probate "the Last Will and Testament of the Decedent dated August 23, 1991, as modified by the codicil dated November 17, 1994." The trial court also ordered propounder Jefferson to pay caveator $2,500.00 in accordance with the Court's 23 December 2008 Order[,]" and awarded caveator $4,500.00 in attorney's fees. On 13 February 2009, propounder Jefferson filed notice of appeal to this Court. Propounders Ellen B. Johnson and Susan Johnson Fordham did not appeal.

## II. Rule 37 Sanctions and Caveat Proceedings

Propounder Jefferson challenges the trial court's order imposing sanctions pursuant to Rule 37. Rule 37(b)(2) of the North Carolina Rules of Civil Procedure provides that, "if a party . . . fails to obey an order to provide or permit discovery[,]" a trial court is permitted to enter a default judgment against the disobedient party, strike pleadings or parts of pleadings, and require the disobedient party to pay reasonable expenses, including attorney's fees caused by the disobedient party's failure to comply with the order. N.C. Gen. Stat. § 1A-1, Rule 37(b)(2) (2007). "[B]efore dismissing a party's claim with prejudice pursuant to Rule 37, the trial court must consider less severe sanctions." *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 179, 464 S.E.2d 504, 507 (1995) (citation omitted). "Sanctions under Rule 37 are within the sound discretion of the trial court and will not be overturned on appeal absent a showing of abuse of that discretion." *Id.* at 177, 464 S.E.2d at 505 (citation omitted).

[1] Propounder Jefferson first argues that the trial court erred in imposing sanctions pursuant to Rule 37, as the factual question of *devisavit vel non* remained at issue in this caveat proceeding and this factual issue should have been decided by a jury, not by the trial court's Rule 37 sanction which resulted in a default judgment. Propounder Jefferson also contends that "Rule 37 sanctions may not be used to determine the validity of a will, as caveat proceedings are *in rem* and must be treated accordingly." Propounder Jefferson argues that "[a] caveat proceeding is unique in nature as it is not a civil action, but is a special proceeding *in rem*" and is treated "differently under the North Carolina Rules of Civil Procedure."

In *In re Vestal*, 104 N.C. App. 739, 745-46, 411 S.E.2d 167, 170-71 (1991), *disc. review denied*, 331 N.C. 117, 414 S.E.2d 767 (1992), this Court addressed the issue of whether Rule 37 sanctions that struck the pleadings and dismissed the action with prejudice were appropri-

ate in a caveat proceeding. In *Vestal*, the caveators filed a caveat contending that the paper writing submitted by the propounder was not the decedent's last will and testament. *Id.* at 740, 411 S.E.2d at 168. The propounder subsequently filed an answer and a request for interrogatories. *Id.* After waiting over a year for the caveators to answer the interrogatories, the propounder filed a motion to compel. *Id.* The trial court granted the propounder's motion to compel and ordered the caveators to answer the propounder's interrogatories within two weeks. *Id.* Because the caveators had not responded within two weeks as ordered, the propounder filed a second motion to compel. *Id.* The trial court granted the propounder's motion, concluding that the caveators had "wilfully and blatantly ignored and refused to comply" with the trial court's order and pursuant to N.C. Gen. Stat. § 1A-1, Rule 37, "struck the caveators' pleadings and dismissed the proceeding with prejudice." *Id.* On appeal, the caveators, relying on *In re Redding*, 216 N.C. 497, 498, 5 S.E.2d 544, 545 (1939), argued that (1) "the trial court lack[ed] the authority to dismiss a caveat proceeding with prejudice as a sanction pursuant to Rule 37 for violation of an order compelling discovery[;]" (2) "[t]he proceedings to caveat a will are *in rem* without regard to particular persons, and must proceed to judgment, and motions as of nonsuit, or requests for direction of a verdict on the issues, will be disallowed[;]" and (3) "[o]nce a will has been propounded for probate in solemn form, the proceedings must continue until the issue of *devisavit vel non* is appropriately answered, and no nonsuit can be taken either by the propounders or caveators." *Id.* at 745, 411 S.E.2d at 170-71. In affirming the trial court's sanctions, this Court expressly rejected these arguments. *Id.* at 745, 411 S.E.2d at 171. In addressing whether a trial court can summarily adjudicate a caveat proceeding, this Court stated that "[t]he caveator's reading of *Redding* is overbroad and overlooks cases allowing dismissal such as *In re Mucci*, 287 N.C. 26, 213 S.E.2d 207 (1975) [(affirming the trial court's grant of a motion for entry of a directed verdict)] and *In re Edgerton*, 29 N.C. App. 60, 223 S.E.2d 524, *disc. rev. denied*, 290 N.C. 308, 225 S.E.2d 832 (1976) [(affirming the trial court's grant of summary judgment)]." *Id.* Further, this Court noted that "the caveator's argument overlooks the express power of a trial court to enforce its order compelling discovery by dismissal" as Rule 37(b)(2) "provides that upon a party's failure to comply with the court's order, 'the judge may make such orders in respect to the failure to answer as are just[,]' " including an order dismissing the action, and "we may not overturn the court's decision unless an abuse of that discretion is shown." *Id.* at 745-46, 411 S.E.2d

at 171. (citation omitted). "After careful review of the record," this Court found "no abuse of discretion." *Id.* at 746, 411 S.E.2d at 171.

As propounder Jefferson raises the same issues as the caveators in *Vestal*, we hold that *Vestal* is controlling. Here, on 7 August 2008 and again on 23 December 2008, propounder Jefferson was ordered by the trial court to produce answers to caveator's requests for discovery. By its 12 February 2009 order, the trial court found that "[p]ropounder has had numerous opportunities to properly respond to Caveator's First and Second Discovery, to produce responsive documents, and to comply with the Court's August 11, 2008 and December 23, 2008 Orders[,]" but had "exhibited continued recalcitrance and repeated disobedience of the Orders of this Court." Before entry of a default judgment as a sanction, the trial court considered lesser sanctions, *Hursey*, 121 N.C. App. at 179, 464 S.E.2d at 507, but "conclude[d] that less drastic sanctions than those ordered below will not suffice nor are they appropriate under the facts of this case." We note that propounder Jefferson makes no argument claiming that the trial court abused its discretion in its selection of sanctions. After careful review of the record, we find no abuse of discretion. Accordingly, the trial court did not err in ordering as a sanction that the matters alleged in the verified caveat were deemed to be true and established; annuling the probate of the 2003 document submitted by propounder Jefferson and adjudicating it not to be the last will and testament of the decedent; and ordering that the clerk of court admit to probate "the Last Will and Testament of the Decedent dated August 23, 1991, as modified by the codicil dated November 17, 1994." *See Harrison v. Harrison*, 180 N.C. App. 452, 456-57, 637 S.E.2d 284, 288 (2006) (reaffirming the rule that the trial court has power to sanction parties for failure to comply with discovery orders and that dismissal of defenses or counterclaims is an appropriate sanction within the province of the trial court); *Atlantic Veneer Corp. v. Robbins*, 133 N.C. App. 594, 598-99, 516 S.E.2d 169, 172-73 (1999) (holding that the trial court did not abuse its discretion in striking the defendant's answer and entering default judgment as a sanction for failing to comply with the trial court's orders to make discovery).

[2] Propounder Jefferson, in an attempt to distinguish *Vestal*, argues that *Vestal* relied on *In re Mucci*, 287 N.C. 26, 213 S.E.2d 207 (1975), where the trial court issued a directed verdict because there were no outstanding factual issues and thus no question of *devisavit vel non*. Thus, summary adjudication, such as entry of default judgment, is available only if there are no issues of fact. Propounder Jefferson

concludes that, since there were still disputed factual issues in this case, the trial court's application of Rule 37, which summarily adjudicated this proceeding, was in error. In addition to citing *Mucci*, propounder Jefferson also cites to *In re Jarvis*, 107 N.C. App. 34, 418 S.E.2d 520 (1992), *aff'd in part, reversed in part*, 334 N.C. 140, 430 S.E.2d 922 (1993), and *In re Smith*, 159 N.C. App. 651, 583 S.E.2d 615 (2003) in further support of his argument. None of the cases cited by propounder Jefferson address the application of Rule 37 sanctions in a caveat proceeding when a party had repeatedly ignored a trial court's order to comply with discovery; they merely reaffirm the rule in *Mucci* that summary adjudication is available for caveat proceedings. 287 N.C. at 36, 213 S.E.2d at 214. We also note that even though propounder Jefferson argues that summary adjudication was in error because the issue of *devisavit vel non* was unresolved, the record clearly reflects that it was propounder Jefferson's repeated disobedience of the trial court's orders to comply with discovery that prevented the investigation and development of those issues. In essence, propounder Jefferson argues that, as long as a party in a caveat proceeding alleges an issue of fact in his pleadings but refuses to support his allegations by discovery responses, even to the extent of disobedience of a court order, the caveat proceeding must be allowed to go to a jury on those factual issues. This result would clearly contravene our rules of discovery. As stated in *Vestal*, propounder Jefferson's argument "overlooks the express power of a trial court to enforce its order compelling discovery by dismissal[,]" *Vestal*, 104 N.C. App. at 745, 411 S.E.2d at 171, pursuant to Rule 37(b)(2); *see Green v. Maness*, 69 N.C. App. 292, 299, 316 S.E.2d 917, 922 (noting that "[o]ur courts and the federal courts have held consistently that the purpose and intent of [the discovery rules] is to prevent a party who has discoverable information from making evasive, incomplete, or untimely responses to requests for discovery[,]" and "the trial court has express authority under G.S. 1A-1, Rule 37, to impose sanctions on a party who balks at discovery requests"), *disc. review denied*, 312 N.C. 622, 323 S.E.2d 922 (1984). Therefore, we are not persuaded by propounder Jefferson's attempt to circumvent our discovery rules. Propounder Jefferson next contends that "*In Re Vestal* should be overruled[.]" Propounder Jefferson argues that *Vestal* "does not distinguish between caveat proceedings in which all questions of fact have been settled and those in which the issue of *devisavit vel non* remains unanswered." Propounder Jefferson further contends that "[t]he failure to draw such a distinction renders *Vestal* exceedingly broad, and its logic completely swallows a 'body of very well settled

law.' " In the alternative, propounder Jefferson argues that "*In Re Vestal* is distinguishable from [this] claim as it deals with a case of sanctions against a caveator as opposed to a propounder."

Our Supreme Court has held that, "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Appeal from Civil Penalty Assessed for Violations of Sedimentation Pollution Control Act*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Therefore, the opinion in *Vestal* is binding on this Court. As to propounder Jefferson's argument in the alternative, he cites no case in support of his contention that Rule 37 sanctions should only be applicable to a caveator, as opposed to a propounder and nothing in *Vestal* indicates any distinction should be drawn between sanctions against caveators or against propounders. In fact, N.C. Gen. Stat. § 1A-1, Rule 37(b)(2) states that sanctions may be imposed against any party who "fails to obey an order to provide or permit discovery[.]" As the Court in *Vestal* issued Rule 37(b)(2) discovery sanctions against the caveator for "wilfully and blatantly·ignor[ing] and refus[ing] to comply" with the trial court's order, 104 N.C. App. at 740, 411 S.E.2d at 167, the trial court here could also issue discovery sanctions pursuant to Rule 37(b)(2) for propounder Jefferson's "continued recalcitrance and repeated disobedience of the Orders of [the] Court." Therefore, propounder Jefferson's arguments are overruled.

**[3]** Finally propounder Jefferson, citing *Baker v. Rosner*, —— N.C. App. ——, 677 S.E.2d 887 (2009), argues that "it is unjust to sanction three propounders for a single propounder's failure to comply with a discovery order." Propounder Jefferson argues that sanctions against the other propounders in this case, Ellen Johnson and Susan Fordham, were not "just" because the sanctions that dismissed the whole case were levied against propounder Jefferson only, but the effect of those sanctions was to dismiss the claims of these other propounders who had never been found to be in violation of a discovery order. In *Baker*, the trial court ordered that all four defendants' answers be stricken and entered default judgment as a sanction pursuant to Rule 37 for failure to comply with the trial court's order. *Id.* at ——, 677 S.E.2d at 889. This Court reversed the Rule 37 sanctions against one of the individual defendants as that individual defendant was not in violation of the trial court's order. *Id.* at ——, 677 S.E.2d at 890. The individual defendant in *Baker* was a party to the appeal. *Id.* at ——, 677 S.E.2d at 888. Contrary to *Baker*, propounders Ellen

Johnson and Susan Fordham are not parties to this appeal. The record does not contain any notice of appeal for either Ellen Johnson or Susan Fordham from the trial court's 12 February 2009 order granting caveator's second motion for sanctions, even though the record shows that Ellen Johnson and Susan Fordham were given notice by caveator of all the hearings related to this caveat. In contrast to propounder Jefferson's current argument, in his *pro se* "Notice of Appeal with Exceptions and Statement of Facts and Reasons on Petition for Writ of Certiorari[,]" he states that his

> two daughters [propounders Ellen Johnson and Susan Fordham] are technically 'propounders' having been aligned as such of record herein by [their former attorney] at the outset of this proceeding. They are mere passive parties to it since I, not they, are the real party-propounder in interest. They take nothing, under the Will and did not even need to be made parties-propounder . . . . There is no need to have my daughters available for his or Mr. Jones' depositions . . . .

Our Supreme Court has stated that "[a]ppellate courts do not generally vindicate the rights of parties aggrieved at trial who could appeal but choose not to do so." *Henderson v. Matthews*, 290 N.C. 87, 89, 224 S.E.2d 612, 614 (1976) (holding that the "plaintiffs, by failing to appeal, are bound by the judgments against them and in favor of defendant . . . although there might have been error in the trial leading to these judgments"). As propounders Ellen Johnson and Susan Fordham did not file a notice of appeal, the 12 February 2008 order granting caveator's second motion for sanctions is a final judgment against those parties. Therefore, we are not persuaded by propounder Jefferson's argument.

### III. Conclusion

As the trial court did not abuse its discretion in imposing sanctions pursuant to Rule 37, we affirm the trial court's order.

AFFIRMED.

Judges ROBERT N. HUNTER, JR. and ERVIN concur.