HONEYCUTT CONTRACTORS, INC. AND ARNOLD K. "TOBY" TALLEY, D/B/A CAROLINA INTERIORS, PLAINTIFFS, V. WILLIAM J. OTTO AND WIFE, ANN P. HENDRICKSON, DEFENDANTS V. CHRISTOPHER PLUMMER D/B/A LOG HOME CREATION AND/OR D/B/A VARNADO CONSTRUCTION D/B/A LOG HOME CREATION, THIRD PARTY DEFENDANT

No. COA10-270

(Filed 4 January 2011)

**1. Appeal and Error— preservation of issues—orders not appealed from—argument dismissed—no abuse of discretion**

Plaintiffs' argument that the trial court erred in an action arising from a construction dispute by granting defendants' motion for discovery sanctions and entering default judgment against plaintiff Honeycutt Contractors ("Honeycutt") on defendants' counterclaim was dismissed where neither of the orders were properly appealed from. Even assuming *arguendo* that the argument had been properly brought before the Court of Appeals, the trial court did not abuse its discretion as the trial court

considered lesser sanctions and the sanctions imposed were appropriate in light of Honeycutt's actions in the case.

**2. Parties— individual never made party—default judgment erroneous**

The trial court erred in an action arising from a construction dispute by entering a default judgment against Bobby Honeycutt individually because he was never a party to the action. While defendants' counterclaim asserted that Bobby Honeycutt used Honeycutt Contractors, Inc. as a mere instrumentality and sought to pierce the corporate veil, defendants never joined Bobby Honeycutt individually as a third-party defendant to the action.

**3. Appeal and Error— sanctions—order not appealed— default judgment—based upon sanctions order**

Plaintiff Honeycutt Contractors ("Honeycutt") argument that the trial court erred in an action arising from a construction dispute by denying its motion to set aside a discovery sanctions order was dismissed where Honeycutt did not give notice of appeal from the order. Honeycutt's argument that the trial court erred by entering default judgment in favor of defendants was without merit as the argument was predicated upon Honeycutt's contentions pertaining to the discovery sanctions order.

Appeal by plaintiffs from judgment entered 10 November 2009 by Judge Laura J. Bridges in McDowell County Superior Court. Heard in the Court of Appeals 29 September 2010.

*Lecroy and Willcox, PLLC, by M. Alan LeCroy, for plaintiff-appellants.*

*Ferikes & Bleynat, PLLC, by Edward L. Bleynat, Jr. and Susan L. Evans, for defendant-appellees.*

STEELMAN, Judge.

Where Honeycutt failed to appeal the trial court's 18 February 2009 order imposing discovery sanctions and its order denying its motion to set aside the 18 February 2009 order, neither of these orders are properly before this Court for appellate review. Where Bobby Honeycutt was never made a party to this action, the trial court had no jurisdiction to enter default judgment against him in his individual capacity.

## I. Factual and Procedural Background

On 2 March 2006, Honeycutt Contractors, Inc. (Honeycutt) entered into a contract with William Otto and his wife, Ann Hendrickson (defendants) to be the general contractor for the construction of their residence. Honeycutt began construction, but shortly thereafter the parties began to have disputes. On 17 November 2006, Honeycutt was relieved as the general contractor.

On 8 March 2007, Honeycutt filed a claim of lien against defendants' real property, contending that it and Carolina Interiors[1] were owed $190,667.47 for labor and materials. On 11 May 2007, Honeycutt and Carolina Interiors filed this action against defendants requesting a monetary judgment; a lien upon defendants' real property; authorization to sell the property in accordance with the provisions of Chapter 44A to satisfy its judgment lien; and attorneys' fees. On 23 July 2007, defendants filed an answer and a counterclaim. A third-party complaint was filed against Christopher Plummer. The allegations against Plummer are not relevant to this appeal.

On 12 March 2008, defendants served their "First Set of Requests for Admission, Interrogatories and Request for Production of Documents" upon Honeycutt's counsel. Honeycutt failed to timely respond to or answer the discovery requests. On 2 June 2008, Honeycutt answered the Interrogatories and Requests for Admissions. However, many answers were incomplete or non-responsive. Honeycutt completely failed to respond to defendants' Request for Production of Documents. On 17 June 2008, defendants filed a motion to compel. On 30 June 2008, the trial court determined that "the most appropriate manner to deal with issues involving discovery and technical analysis of the issues of this litigation is for the Court to order the appointment of two different referees to deal with two separate aspects of the issues in this case . . . ." The trial court appointed a construction referee and an accounting referee.[2]

On 19 December 2008, Honeycutt's counsel filed a motion to withdraw. On 5 January 2009, defendants filed a motion for enforcement of order appointing referees, to compel discovery, for sanctions, and a response to Honeycutt's counsel's motion to withdraw. Defendants

---

1. Carolina Interiors was a subcontractor employed to provide certain features to the residence, including kitchen cabinets and counter tops, bath features, and flooring.

2. Defendants' brief asserts that, by this time, Carolina Interiors had stipulated to a dismissal of its claims against defendants with prejudice. However, the order of dismissal is not included in the record of appeal.

alleged that Honeycutt had prevented the referees from completing their duties by failing to produce necessary documents. On 14 January 2009, the trial court entered an order to compel and for sanctions. In the order, the trial court denied Honeycutt's counsel's motion to withdraw, ordered Honeycutt to fully comply with defendants' discovery requests and the referees' requests for information, sanctioned Honeycutt for its previous non-compliance, and explicitly warned Honeycutt that if it failed to provide the requested information by 16 January 2009, more severe sanctions may be imposed. On 18 February 2009, the trial court entered an order sanctioning Honeycutt for its failure to comply with its 14 January 2009 order. The trial court: (1) dismissed Honeycutt's complaint against defendants with prejudice; (2) cancelled Honeycutt's claim of lien; (3) ordered Honeycutt's pleadings stricken; (4) entered a default against Honeycutt on defendants' counterclaim; and (5) allowed Honeycutt's counsel to withdraw. Damages for defendants' counterclaim and monetary sanctions for Honeycutt's failure to prove its claim of lien were reserved for future determination.

On 18 August 2009, Honeycutt filed a motion to set aside the 18 February 2009 discovery sanctions order. On 10 November 2009, the trial court entered a default judgment against Honeycutt Contractors, Inc. and Bobby Honeycutt, individually, in the amount of $846,123.21.[3] On 11 January 2010, the trial court denied Honeycutt's motion to set aside the 18 February 2009 order.

Honeycutt and Bobby Honeycutt, individually, appeal only the judgment entered on 10 November 2009. No appeal was entered with respect to the 18 February 2009 discovery sanctions order or the 11 January 2010 order denying the motion to set aside the discovery sanctions order.

## II. Rule 37 Discovery Sanctions

[1] In its first argument, Honeycutt contends that the trial court erred by granting defendants' motion for discovery sanctions pursuant to Rule 37 of the Rules of Civil Procedure and entering default judgment against Honeycutt Contractors, Inc. on defendants' counterclaim. We disagree.

---

3. It appears that the trial court awarded defendants $197,878.10 in compensatory damages, $593,634.30 in treble damages, and then added them together with $54,610.81 in attorneys' fees to equal the amount of the judgment. No question of whether the amount of damages was proper has been raised before this Court, and this opinion should not be construed as an approval of the amount of damages.

We first note that Honeycutt did not appeal from the discovery sanctions order of 18 February 2009 or the 11 January 2010 order denying its motion to set aside the discovery sanctions order. Neither of these orders are properly before this Court for appellate review. N.C.R. App. P. 3(a),(d) (2011); *see also Bromhal v. Stott*, 116 N.C. App. 250, 253, 447 S.E.2d 481, 483 (1994) ("Rule 3[] of the North Carolina Rules of Appellate Procedure requires that a notice of appeal 'must designate the judgment or order from which appeal is taken.' Without proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown under Rule 2." (citations omitted), *aff'd*, 341 N.C. 702, 462 S.E.2d 219 (1995). We therefore dismiss this argument made by Honeycutt.

Even assuming *arguendo* that this argument had been properly brought before this Court, we would hold that it would be without merit. Honeycutt contends that the trial court completely failed to consider other possible sanctions and solutions other than an outcome determinative order. "The choice of sanctions under Rule 37 lies within the court's discretion and will not be overturned on appeal absent a showing of abuse of that discretion." *Routh v. Weaver*, 67 N.C. App. 426, 429, 313 S.E.2d 793, 795 (1984) (citation omitted). Rule 37(b)(2) of the Rules of Civil Procedure expressly provides that the trial court may enter "[an] order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default" against any party that fails to permit discovery. N.C. Gen. Stat. § 1A-1, Rule 37(b)(2)c (2009). North Carolina appellate courts have held that before imposing sanctions dismissing an action or entering a default judgment against the offending party, the trial court must consider lesser sanctions. *Goss v. Battle*, 111 N.C. App. 173, 176, 432 S.E.2d 156, 159 (1993); *see also Badillo v. Cunningham*, 177 N.C. App. 732, 734, 629 S.E.2d 909, 911, *aff'd per curiam*, 361 N.C. 112, 637 S.E.2d 538 (2006). Where the record on appeal indicates that the trial court considered lesser sanctions, its ruling will not be reversed unless the trial court abused its discretion. *Badillo*, 177 N.C. App. at 734, 629 S.E.2d at 911.

In the instant case, the trial court made the following finding of fact in its discovery sanctions order:

> *The Court has considered lesser sanctions, and has determined that they are not adequate to address the circumstances before*

*the Court.* The plaintiff's failure to make complete discovery, going back to the responses required to be made to defendants' discovery requests served in March, 2008, and plaintiff's repeated failure to provide information required to fulfill its obligations under the North Carolina Rules of Civil Procedure, the requests of the Referees, and the Orders of the Court, constitute a pattern which render dismissal of plaintiff's complaint, cancellation of its claim of lien, and the striking of its pleadings, necessary and proper sanctions to be entered.

(Emphasis added.) Honeycutt argues that the order completely fails to list the other possible discovery sanctions considered. However, this Court has held that "the trial court is not required to list and specifically reject each possible lesser sanction prior to determining that dismissal is appropriate." *Id.* at 735, 629 S.E.2d at 911. The above finding was sufficient to show that the trial court considered lesser sanctions before dismissing Honeycutt's action against defendants and entering default judgment against Honeycutt on defendants' counterclaim. *Id.*; *In re Pedestrian Walkway Failure*, 173 N.C. App. 237, 251, 618 S.E.2d 819, 829 (2005), *disc. review denied*, 360 N.C. 290, 628 S.E.2d 382 (2006).

Further, the sanctions imposed were appropriate in light of Honeycutt's actions in this case. Honeycutt failed to timely respond to or answer defendants' initial discovery requests. On 30 June 2008, the trial court appointed two separate referees to streamline the discovery process and deal with technical issues, and ordered the parties to "cooperate fully and completely with the referees[.]" Honeycutt failed to comply with the trial court's 30 June 2008 order by not providing information requested by the referees. On 14 January 2009, the trial court entered an order to compel and for sanctions based upon Honeycutt's non-compliance. The trial court ordered Honeycutt to pay defendants' attorneys' fees from 1 December 2009 through 13 January 2009. The trial court explicitly warned Honeycutt of the potential consequences of its continued failure to comply: "the Court may impose more severe sanctions on [Honeycutt] for non-compliance with discovery requests, up to and including dismissal of his Complaint and Claim of Lien against defendants and an entry of default against [Honeycutt] on behalf of defendants regarding defendants' Counterclaim in this matter." Despite this warning, Honeycutt failed to comply with the trial court's order. The trial court did not abuse its discretion by dismissing Honeycutt's complaint against

defendants and entering default judgment against that entity on defendants' counterclaim.

### III. Entry of Default Judgment Against Bobby Honeycutt, Individually

[2] Bobby Honeycutt argues that the trial court erred by entering default judgment against him, individually, because he was never a party to this action. We agree.

The eleventh count of defendants' counterclaim asserted that Bobby Honeycutt used Honeycutt Contractors, Inc. as a mere instrumentality and sought to pierce the corporate veil. However, defendants never joined Bobby Honeycutt, individually, as a third-party defendant to the action. Nothing in the record of this case shows that Bobby Honeycutt, individually, was ever served with a summons or named as a party to this lawsuit. The 18 February 2009 discovery sanctions order does not mention Bobby Honeycutt, individually. The first mention of Bobby Honeycutt, individually, is in the judgment of 10 November 2009, where he was made jointly and severally liable for $846,123.21 plus costs. This judgment was properly appealed from by Bobby Honeycutt, individually.

> In order to render a valid judgment against a [party], it is essential that jurisdiction be obtained by the court in some way allowed by law. When a court has no authority to act, its acts are void. One cannot be brought into a lawsuit without his consent either expressed or by entering a general appearance, except by causing summons to be served upon him.

Southern *Athletic/Bike v. House of Sports, Inc.*, 53 N.C. App. 804, 806, 281 S.E.2d 698, 699 (1981) (internal quotation, citation, and ellipses omitted), *disc. review denied and appeal dismissed*, 304 N.C. 729, 288 S.E.2d 381 (1982); *see also Hayman v. Ramada Inn, Inc.*, 86 N.C. App. 274, 280, 357 S.E.2d 394, 398 (1987) ("It is an elementary rule of civil procedure that a person or entity may not be made a party to a lawsuit without having been properly served with process in a manner prescribed by statute." (citations omitted)).

In the instant case, Bobby Honeycutt, individually, was never a party to this action. Defendants' allegation of "piercing the corporate veil" was merely a theory of liability; it did not confer jurisdiction upon the court over an individual who was never a party to the action. We vacate the portion of the order entering a default judgment against Bobby Honeycutt, individually. *See Polygenex Int'l, Inc. v.*

*Polyzen, Inc.*, 133 N.C. App. 245, 248, 515 S.E.2d 457, 460 (1999) (vacating Rule 11 sanctions against a corporate officer, in his individual capacity, where he was not a party to the action and was never served with a summons).

IV. Motion to Set Aside Sanction Order and Entry of Default

[3] In its remaining arguments, Honeycutt contends that the trial court erred by denying its motion to set aside the discovery sanctions order and entering a default judgment in favor of defendants. We disagree.

As discussed above, Honeycutt did not give notice of appeal from the order denying its motion to set aside the sanctions order and this argument is dismissed. Honeycutt's argument as to the entry of default is predicated entirely upon its contentions pertaining to the discovery sanctions order of 18 February 2009. For the reasons set forth in Section II of this opinion, this argument is without merit.

DISMISSED IN PART; VACATED IN PART.

Judges BRYANT and ERVIN concur.