IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-740

No. COA22-271

Filed 15 November 2022

Johnston County, No. 20 CVS 1536

LUAI ABDO, Plaintiff,

v.

KEMAL ALI JONES, Defendant.

Appeal by Plaintiff from order entered 28 October 2021 by Judge D. Jack Hooks, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 4 October 2022.

*David J. Martin for Plaintiff-Appellant.*

*Sue, Anderson & Bordman, LLP, by Stephanie W. Anderson, for Unnamed Defendant-Appellee Erie Insurance Exchange.*

*Russ, Worth & Cheatwood, PLLC, by Philip H. Cheatwood, for Unnamed Defendant-Appellee United Services Automobile Association.*

COLLINS, Judge.

¶ 1     Plaintiff Luai Abdo appeals an order granting Unnamed Defendant Erie Insurance Exchange's motion for sanctions and dismissing Plaintiff's complaint with prejudice as to Defendant Kemal Ali Jones and Unnamed Defendants Erie and United Services Automobile Association ("USAA"). Plaintiff makes no argument that the trial court erred by dismissing the complaint against Jones. After careful review,

we conclude the trial court did not err by dismissing Plaintiff's complaint against Erie. However, we conclude the trial court erred by dismissing Plaintiff's complaint against USAA. Accordingly, we affirm in part and reverse in part, and remand for further proceedings.

## I. Procedural History and Factual Background

Plaintiff was involved in an automobile accident with Jones in July 2017. In June 2020, Plaintiff filed an amended complaint against Jones, which included claims against Erie and USAA for underinsured motorist coverage. Erie answered and served its "First Request for Production of Documents" and "First Set of Interrogatories" on Plaintiff in early June. USAA answered in early July.

Plaintiff responded to Erie's discovery requests by the end of July but failed to provide all the requested documents. Erie notified Plaintiff by email on 31 August that his responses were deficient and requested supplemental discovery, including Plaintiff's pre-accident medical records. When Erie had not received a response to its supplemental discovery request by December 2020, Erie filed a motion to compel. Plaintiff served supplemental discovery responses in March 2021 but objected to Erie's request for pre-accident medical records. The trial court entered a Consent Order on 24 March 2021, signed by Plaintiff's attorney and Erie's attorney, ordering Plaintiff to produce the requested documents by 24 May 2021.

Shortly after the Consent Order was entered, Plaintiff's attorney separated

from his law firm. The law firm withdrew its representation of Plaintiff, and Plaintiff's attorney individually entered a notice of appearance on Plaintiff's behalf on 12 May 2021.

¶ 5        On 25 August 2021, by which time Plaintiff still had not produced the court-ordered discovery, Erie filed an Amended Motion for Sanctions or, in the Alternative, to Dismiss for Failure to Prosecute, "pursuant to Rules 26, 33, 34, 37, and 41 of the North Carolina Rules of Civil Procedure," requesting "entry of an order dismissing [Plaintiff's] case as sanctions for failing to comply with the Court's Order to Compel Discovery or, in the alternative, to dismiss [Plaintiff's] case for failure to prosecute." The trial court heard Erie's motion on 27 September 2021. Plaintiff and Erie argued at the hearing; neither Defendant nor USAA made an appearance at the hearing.

¶ 6        By written order entered 28 October 2021 ("Dismissal Order"), the trial court found, in pertinent part:

> 11. That as of the date of the hearing on September 27, 2021, [Plaintiff] had not served the unnamed defendant with any of the documents that he agreed to provide to the unnamed defendant in the March 24, 2021 Consent Order;
>
> 12. That at the hearing of this matter, [Plaintiff's attorney] appeared and provided no evidence to the Court that he had attempted to obtain any of the documents that were agreed to in the March 24, 2021 Consent Order;
>
> 13. That [Plaintiff's attorney] has willfully failed to comply with the March 24, 2021 Consent Order;

14. That the Court has considered less severe sanctions than dismissal in ruling on these motions but believes dismissal appropriate as this matter [w]as handled by [Plaintiff's attorney] in its entirety and he has willfully failed to comply. While understanding the file was perhaps under the supervision of another partner or attorney during its tenure with the [former law firm], all official actions have been signed and handled by [Plaintiff's attorney]. Thus he has been aware at all times, even if he was subordinate while at the [former law firm]. He was certainly aware on May 12, when he filed his appearance with the Court.

Based on its findings, the trial court ordered that, "in the Court's discretion and after having considered less severe sanctions than dismissal, the unnamed defendant Erie's Motion for Sanctions is hereby GRANTED and that [Plaintiff's] Complaint is hereby dismissed <u>with</u> prejudice as to all defendants and unnamed defendants." Plaintiff timely appealed.

## II.    Discussion

Plaintiff argues the following: dismissal was not proper under Rule 37 because Plaintiff was not engaged in systematic violations of court orders and lesser sanctions were available; the trial court failed to make the requisite findings of fact to support dismissal under Rule 41; and the trial court erred by dismissing Plaintiff's complaint

against Defendant and USAA.[1]

**A. Rule 37**

¶ 8      Rule 37 of the North Carolina Rules of Civil Procedure authorizes a trial court to impose sanctions, including dismissal, upon a party that "fails to obey an order to provide or permit discovery[.]" N.C. Gen. Stat § 1A-1, Rule 37(b)(2) (2021). "[T]rial courts are vested with broad discretion in ordering sanctions under Rule 37(b)." *GEA, Inc. v. Luxury Auctions Mktg, Inc.*, 259 N.C. App. 443, 452, 817 S.E.2d 422, 429-30 (2018) (citation omitted). "Not only is the decision to impose Rule 37(b) sanctions within the sound discretion of the trial court, but so too is the choice of Rule 37(b) sanctions to impose." *Id.* at 452, 817 S.E.2d at 430 (citation omitted).

¶ 9      "[B]efore dismissing a party's claim with prejudice pursuant to Rule 37, the trial court must consider less severe sanctions." *Hursey v. Homes by Design, Inc.*, 121 N.C. App. 175, 179, 464 S.E.2d 504, 507 (1995) (citing *Goss v. Battle*, 111 N.C. App. 173, 177, 432 S.E.2d 156, 159 (1993)). However, "[a] trial court is not required to list and specifically reject each possible lesser sanction prior to determining that dismissal is appropriate." *Honeycutt Contractors, Inc. v. Otto*, 209 N.C. App. 180, 185,

---

[1] Erie begins its brief by pointing out that, "[n]otwithstanding the fact that [Plaintiff] only presented one issue for appeal in the record for appeal, [Plaintiff] presents three issues in his Brief." However, we note that "[p]roposed issues on appeal are to facilitate the preparation of the record on appeal and shall not limit the scope of the issues presented on appeal in an appellant's brief." N.C. R. App. P. 10(b).

703 S.E.2d 857, 860-61 (2011) (citation omitted). "A trial court may be reversed for abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision." *Hursey*, 121 N.C. App. at 177, 464 S.E.2d at 505 (citing *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985)).

**B. Dismissal as to Erie**

¶ 10    Here, Erie notified Plaintiff on 31 August 2020 that his interrogatory responses were deficient and requested supplemental discovery, including Plaintiff's pre-accident medical records; Plaintiff failed to address the deficiency in his interrogatory responses. Erie filed a motion to compel in December, and on 24 March 2021, the trial court entered a Consent Order compelling Plaintiff to produce the requested documents by 24 May 2021. When Erie filed its motion for sanctions, over three months after the Consent Order's deadline, Plaintiff had yet to produce the ordered documents. When Erie's motion for sanctions was heard on 27 September 2021, over four months after the Consent Order's deadline, Plaintiff had yet to produce the ordered documents. At the hearing on Erie's motion, Plaintiff "provided no evidence to the Court that he had attempted to obtain any of the documents . . . [.]"

¶ 11    In its Dismissal Order, after making findings of fact detailing Plaintiff's repeated failures to produce discovery and comply with the Consent Order, the trial court made a finding that it "has considered less severe sanctions than dismissal in ruling on these motions but believes dismissal appropriate as this matter [w]as

handled by [Plaintiff's attorney] in its entirety and he has willfully failed to comply." Only "after having considered less severe sanctions than dismissal" did the trial court order Plaintiff's complaint dismissed.

¶ 12        Based on the facts of this case, and the trial court's consideration of lesser sanctions, the trial court's decision to dismiss Plaintiff's complaint against Eerie as a sanction for his willful failure to comply with the Consent Order was not "so arbitrary that it could not have been the result of a reasoned decision." *Hursey*, 121 N.C. App. at 177, 464 S.E.2d at 505 (citation omitted). Accordingly, Plaintiff's complaint against Erie was properly dismissed under Rule 37.

¶ 13        Because Plaintiff's complaint against Erie was properly dismissed under Rule 37, we do not address Plaintiff's argument that the trial court erred by dismissing his complaint under Rule 41.

**C. Dismissal as to USAA**

¶ 14        Plaintiff next argues that the trial court erred by dismissing his complaint against USAA because USAA did not file a motion to compel, join Erie's motion for sanctions, attend the hearing, or request relief from the trial court. We agree.

¶ 15        The imposition of sanctions under Rule 37 for failure to obey a court order is an abuse of discretion where there is no record evidence that the party failed to obey a court order. *See Baker v. Rosner*, 197 N.C. App. 604, 677 S.E.2d 887 (2009). In *Baker*, plaintiffs filed a complaint against multiple defendants – Prudence and Ed

Rosner, Jo Faulk, and Nova Realty, Inc. – alleging fraud and unfair and deceptive trade practices. *Id.* at 605, 677 S.E.2d at 889. Plaintiffs requested certain documents be produced, and the trial court entered a consent order directing the Rosners and Faulk to produce the documents. *Id.* When the Rosners and Faulk failed to produce the documents, plaintiffs filed a motion for sanctions, pursuant to Rule 37. *Id.* The trial court entered an order allowing the motion for sanctions, ordering each defendant's answer be stricken, and entering default judgment against each defendant as to plaintiffs' claims for fraud. *Id.* at 606, 677 S.E.2d at 889. This Court concluded that the trial court abused its discretion by sanctioning Nova because plaintiffs did not seek discovery from Nova and Nova was not a party to the consent order; thus, Nova was not a disobedient party. *Id.* at 607, 677 S.E.2d at 890.

¶ 16 Although the parties in *Baker* were situated differently, *Baker*'s reasoning applies here. In this case, Erie sought discovery from Plaintiff, while USAA did not. When Plaintiff's discovery responses were deficient, Erie requested supplemental discovery; USAA did not. When Plaintiff did not respond to Erie's supplemental discovery request, Erie filed a motion to compel; USAA did not. Erie and Plaintiff signed the Consent Order compelling the production of documents; USAA was not a party to the Consent Order. When Plaintiff failed to comply with the Consent Order's deadline, Erie filed a motion for sanctions, while USAA did not. Erie attended the hearing to argue that sanctions were appropriate; USAA did not attend the hearing.

The Dismissal Order granting Erie's motion for sanctions describes Plaintiff's failures to provide Erie with discovery; it makes no mention of USAA. Thus, as in *Baker*, there is no record evidence that Plaintiff violated any discovery orders as to USAA.[2] Accordingly, the trial court abused its discretion by dismissing Plaintiff's complaint against USAA.

## III. Conclusion

Plaintiff makes no argument that the trial court erred by dismissing his complaint against Defendant. Furthermore, the trial court did not err by dismissing Plaintiff's complaint against Erie. However, the trial court erred by dismissing Plaintiff's complaint against USAA. Accordingly, the trial court's order is affirmed as to Defendant and Erie and reversed as to USAA, and remanded for further proceedings.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

Judges TYSON and INMAN concur.

---

[2] USAA argues that *Yahudah Washitaw of E. Terra Indians v. PHH Mortg. Corp.*, No. 5:17-CV-00377-BR, 2017 U.S. Dist. LEXIS 210027 (E.D.N.C. Dec. 21, 2017), supports its position that it need not have moved for sanctions. That court stated, "[i]f the court dismisses a plaintiff's complaint upon a defendant's Rule 12(b)(6) motion and the same legal arguments apply to its claims against remaining defendants, the court may dismiss the complaint in its entirety." *Id* at *4. Dismissal upon 12(b)(6) grounds is not analogous to dismissal as a sanction under Rule 37. We are neither bound by the federal district court's opinion nor persuaded to apply its reasoning here.